JASPER E. JONES, Judge.
The appellant, Thomas B. Montgomery, appeals a judgment rejecting his demand to remove William Johnston from the office of dative testamentary executor for the estate of Aliena Rogers Montgomery. We affirm.
Decedent died testate on August 27, 1981. Her will provided appellant was to be appointed as testamentary executor of her estate. Appellant was duly appointed to the office but was subsequently removed for cause by judgment dated February 10, 1983. Prior to his removal, appellant filed a sworn detailed descriptive list of the assets and liabilities of decedent’s estate into the succession record.
Johnston applied for and was appointed dative testamentary executor by order of court on August 9, 1983. He took his oath of office, posted the $50,000.00 bond ordered by the trial court, received his letters testamentary all on the same date he received the appointment. He was not ordered to file a new or amended detailed descriptive list or inventory of the estate’s property prior to taking office.
Appellant filed a petition to remove Johnston from office on August 23, 1983 and by judgment signed December 13, 1983 the trial court denied appellant’s petition for removal of Johnston from office. Appellant contends the trial judge erred in not removing Johnston from office because: (1) he failed to file a detailed descriptive list or inventory prior to taking office; (2) he posted inadequate security; and (3) he has a conflict of interest.
1. Descriptive list or inventory
Appellant’s argument that Johnston should have been removed from office for failing to file a new or amended detailed descriptive list or inventory of the estate’s property is based on LSA-C.C.P. art. 3094, which provides in pertinent part:
The court shall order the taking of an inventory, or the filing of a descriptive list as provided in Article 3136, of the property of the deceased upon the filing of an application for appointment as administrator.
This article requires the judge to order the filing of the descriptive list when an applicant seeks to become the administrator of an estate. Appellant is contending Johnston should be removed because the trial judge failed to condition his qualifying as administrator upon his filing a new sworn descriptive list. The argument has no merit.
The trial judge stated that he did not order Johnston to make the filing because a descriptive list prepared by appellant had earlier been filed in the succession record. It was correctly noted by the trial judge that the purpose for requiring a descriptive list or inventory prior to appointment is to aid the court in determining the proper security to be ordered. The court was able to make that determination from appellant’s descriptive list and there was no need for Johnston to file a new or amended descriptive list or inventory for that pur *299 pose. If the court had ordered a new descriptive list before fixing the administrator’s bond and permitting Johnston to qualify as administrator, the succession, which had been without a representative for six months at the time of Johnston’s appointment, would have needlessly remained in limbo an additional period of time. The trial court did not err in refusing to remove Johnston from office on this ground.
We further note the trial judge, at the removal hearing, concluded the initial descriptive list was inadequate and ordered Johnston to file an amended list or inventory within 60 days.
2. Inadequate security
Appellant contends the $50,000.00 security bond ordered by the trial judge and posted by Johnston is inadequate because it does not exceed by lk the total value of all the property of the succession as required by the first paragraph of LSA-C.C.P. art. 3151. He is apparently arguing that this article leaves the trial judge with no discretion to set a lower amount. This argument is without merit. Article 3151 provides in full:
Except as otherwise provided by law, the person appointed administrator shall furnish security for the faithful performance of his duties in an amount exceeding by one-fourth the total value of all property of the succession as shown by the inventory or descriptive list.
The court may reduce the amount of this security, on proper showing, whenever it is proved that the security required is substantially in excess of that needed for the protection of the heirs and creditors.
The second paragraph of this article authorizes the .trial judge, in his discretion, to set a lower amount for security than the amount required by paragraph one when it is shown the lower amount is sufficient to protect the interest of heirs and creditors. The descriptive list compiled by appellant shows that most of the assets of the estate are immovable property.[1] This property cannot be alienated in any manner without judicial approval. See LSA-C.C.P. arts. 3226, 3228, 3229, 3261, 3271, 3272, 3281, 3282, 3284 and 3291. For these reasons the $50,000.00 security ordered by the trial judge is sufficient to protect the interest of heirs and creditors and we find no abuse of discretion in the amount of security ordered.
Even if the trial court had abused his discretion by setting the bond too low, appellant’s petition was premature insofar as it sought to have the appointment set aside for inadequate security. Johnston cannot be removed from office on this basis unless he is first afforded an opportunity to supplement the security posted. See LSA-C.C.P. arts. 5123-5125; Succession of Smith, 219 So.2d 291 (La.App. 3d Cir.1969). The trial court left open the option of ordering additional security until after the amended descriptive list or inventory is filed.
3. Conflict of interest
Appellant contends Johnston has a conflict of interest because Johnston is a debtor of the estate and he (appellant) is a creditor of the estate. His argument that Johnston should be removed from office for this reason is without merit. A mere conflict of interest without more is not grounds for removal of a succession representative. The party seeking the removal must prove either the existence of one of the grounds for removal contained in LSA-C.C.P. art. 3182[2] or that the representative *300 breached his fiduciary duty to the succession under LSA-C.C.P. art. 3191.[3] Succession of Dunham, 408 So.2d 888 (La.1981). Appellant proved neither. The trial court did not err in refusing to remove Johnston from office for his alleged conflict.
The judgment is AFFIRMED at appellant’s cost.

. The descriptive list reflected the value of the property belonging to the estate, other than immovable property, at the sum of only $4,554.11.

. Art. 3182. Removal
The court may remove any succession representative who is or has become disqualified, has become incapable of discharging the duties of his office, has mismanaged the estate, has failed to perform any duty imposed by law or by order of court, has ceased to be a domiciliary of the state without appointing an agent as provided in Article 3097(4), or has failed to give notice of his application for appointment when required under Article 3093.
The court on its own motion may, and on motion of any interested party shall, order the *300 succession representative sought to be removed to show cause why he should not be removed from office. The removal of a succession representative from office does not invalidate any of his official acts performed prior to his removal.

. Art. 3191. General duties; appointment of agent
A succession representative is a fiduciary with respect to the succession, and shall have the duty of collecting, preserving, and managing the property of the succession in accordance with law. He shall act at all times as a prudent administrator, and shall be personally responsible for all damages resulting from his failure so to act....