WELCH, J.
|2Rob R. Dunaway, in his capacity as the executor of the estate of Ira Dunaway, Jr. and the executor of the estate of Wildá Carter Dunaway, appeals a judgment of the trial court declaring the notarial testaments of both Ira and Wilda Dunaway null. Finding no error in the judgment of the trial court, we affirm.
FACTUAL AND PROCEDURAL HISTORY
Ira and Wilda Dunaway were married on April 8, 1950, and had four children during their marriage: Rob Dunaway, Tim Dunaway, Dannie Gaye Dunaway Tassin and Ira Lynn Dunaway Vampran. Ira Lynn Vampran died on November 23, 2009, and was survived by one child, Jessica Vampran.
Ira Dunaway died on June 7, 2010, and less than sixty days later, on August 3, 2010, Wilda Dunaway died. On August 24, 2010, Rob Dunaway filed, in separate proceedings, petitions seeking to probate the notarial testaments of his parents that were dated February 18, 1999, and to be designated as the executor of the estates of his parents in accordance with those testaments. That same date, the trial court ordered that the testaments of Ira and Wilda Dunaway be given the effect of probate and executed in accordance with law, granted the administration of the estate, and confirmed Rob Dunaway as the executor of the succession of both Ira and Wilda Dunaway.
On September 8, 2010, Rob Dunaway filed, in both succession proceedings, a petition for declaratory judgment seeking a determination of the status of certain bank accounts, an interpretation of certain clauses used in the dispositive portion of both February 18, 1999 testaments[1], and the consolidation of the two suits.[2] [.^Following a hearing, the trial court rendered declaratory judgment that the children of Ira and Wilda Dunaway who survived them (ie., Dannie Tassin, Rob Dunaway, and Tim Dunaway) would inherit the entirety of the estates of Ira and Wilda in equal shares.[3]
Thereafter, Jessica Vampran filed a petition to annul the February 18,1999 testaments of both Ira and Wilda Dunaway on the basis that the testaments were not valid under Louisiana law because the attestation clauses of the testaments failed to satisfy the requirements of La. C.C. art. 1577. She also sought to have earlier testaments of Ira and Wilda Dunaway dated *557 October 19, 1992, and of Wilda Dunaway dated June 14, 1993, declared null on the same basis. On April 15, 2011, the matter was heard before the trial court and taken under advisement. The trial court then issued written reasons for judgment declaring that the testaments of Ira and Wilda Dunaway dated October 19, 1992, and February 18, 1999, and the testament of Wilda Dunaway dated June 14, 1993, were null based on the inadequacy of the attestation clauses. A written judgment in conformity with the trial court’s written reasons was signed on May 3, 2011, and it is from this judgment that Rob Dunaway now appeals, contending that the trial court erred in declaring that the wills were invalid and arguing that the attestation clauses met the requirements of La. C.C. art. 1577.
LAW AND DISCUSSION
At the outset, we note that all of the testaments at issue are virtually identical, with the only difference being the dates on which they were executed, the designation of the executor/executrix for the succession, and the correction of a 1 .(typographical error in Ira Dunaway’s name. We also recognize that the testaments at issue purport to be notarial testaments, which are governed by the requirements of La. C.C. art. 1577.
Louisiana Civil Code article 1577 provides:
The notarial testament shall be prepared in writing and dated and shall be executed in the following manner. If the testator knows how to sign his name and to read and is physically able to do both, then:
(1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his testament and shall sign his name at the end of the testament and on each other separate page.
(2) In the presence of the testator and each other, the notary and the witnesses shall sign the following declaration, or one substantially similar: “In our presence the testator has declared or signified that this instrument is his testament and has signed it at the end and on each other separate page, and in the presence of the testator and each other we have hereunto subscribed our names this_ day of_,_”
Thus, in order to be valid as to form, (1) the testator must declare or signify in the presence of a notary and two witnesses that the instrument is his last will and testament; (2) the testator must sign his name at the end of the testament and on each separate page; and (3) the notary and two witnesses must sign a declaration in the presence of each other and the testator attesting that the formalities of La. C.C. art. 1577(1) have been followed. Succession of Siverd, 2008-2383, 2008-2384 (La.App. 1st Cir.9/11/09), 24 So.3d 228, 230. The primary purpose of the statute authorizing this type of will is to afford a simplified means of making a testament whereby the authenticity of the act can be readily ascertained and fraudulent alteration of it will be most difficult. Succession of Richardson, 2005-0552 (La.App. 1st Cir.3/24/06), 934 So.2d 749, 751, writ denied, 2006-0896 (La.6/2/06), 929 So.2d 1265.
Moreover, although the intention of the testator as expressed in the testament must govern, the intent to make a testament, although clearly stated or proved, will 15be ineffectual unless the execution thereof complies with codal requirements. Succession of Hendricks, 2008-1914 (La.App. 1st Cir.9/23/09), 28 So.3d 1057, 1060, writ not considered, 2010-0480 (La.3/26/10), 29 So.3d 1256. A material *558 deviation from the manner of execution prescribed by the code will be fatal to the validity of the testament. Id. The formalities prescribed for the execution of a testament must be observed or the testament is absolutely null. La. C.C. art. 1578. Although its form is not sacrosanct, there must be an attestation clause, or clause of declaration signed by the witnesses and the notary. Succession of Richardson, 934 So.2d at 751. Where a will is merely notarized, such as a notary’s signature under a general “sworn and subscribed” clause, but there is no declaration signed by the notary, such a clause is not in compliance with La. C.C. art. 1577. Succession of Seal, 2010-0351, p. 4 (La.App. 1st Cir.9/10/2010) (unpublished), 46 So.3d 284, writ denied, 2010-2294 (La.1/28/11), 56 So.3d 964.
The dispositive portions of both of the testaments are contained on the first pages and were signed, respectively, by Ira and Wilda Dunaway, and the propriety of these portions of the testaments is not at issue in this appeal. Instead, the trial court, relying on this court’s decision in Succession of Seal,[4] found that the notary’s attestation clause (like the attestation clauses at issue in Succession of Seal) failed to comply with La. C.C. art. 1577, and therefore, the testaments were null. Specifically, the trial court reasoned that the attestation clauses have “the witnesses being sworn and the witnesses (not the notary) making the declaration,” the attestation clauses said that “the testator, witnesses and ‘a [n]otary [pjublic witnessed the testator signing[,] [b]ut only the witnesses appear and make that declaration, not the notary,’” and the testator never “declare[d] that he|7she] [fisigned and declared that the document [was] his[/her] last will and testament ‘in the presence of a notary and two competent witnesses.’ ”
The attestation clauses of the testaments herein follow Ira and Wilda Dun-away’s signatures after the dispositive portions of their testaments. The first attestation clause is contained on the first page of the testament, and provides:
Signed, sealed, published and declared to be hisITher] Last Will and Testament by the within named Testator in the presence of us, who in his[/her] presence and at his[/her] request, and in the presence of each other, have hereunto subscribed our names as witnesses this 18 day of Feb., 1999.[5]
(1) Janet D. Riley [signed ], Witness Franklinton, City LA [signed ] State
(2) Suzonne G. Jenkins [signed ], Witness Franklinton, City La [signed ] State
(3) Wendy Wood [signed ], Witness Franklinton, City La. [signed ] State[6]
*559 Although this clause sets forth that the testament was signed by the testator in the presence of the witnesses and declared to be the testator’s last will and testament, this clause fails to state that the testament was signed by the testator in the presence of a notary or that the witnesses themselves signed in the presence of the notary. Therefore, this clause fails to meet the requirements of La. C.C. art. 1577.
The next attestation clause is contained on the second page of the testament, which is entitled “AFFIDAVIT OF EXECUTION AND ATTESTATION,” and it provides:
I sign my name to this, my Will, and being duly sworn, declare that I sign voluntarily for the purposes expressed therein, and am of lawful age, of sound mind and under-no undue influence.
|7[Ira Dunaway Jr./Wilda C. Duna-way] [signed]
(Testator)
While this clause states that the testator has been “duly sworn” (presumably by a notary) and that the testator is signing and declaring the will to be his own, it does not state that it was actually signed in the presence of a notary and two witnesses, and is therefore, insufficient to meet the requirements of La. C.C. art. 1577.
An additional paragraph follows, which provides:
The undersigned witnesses being duly sworn, each declares that the Testator signed this Will consisting of one page with writing on both sides thereof, at the end thereof, and on each side thereof, in our presence, and signified, published and declared in our presence that this instrument is his/[her] Last Will and Testament, and that at the request of and in the presence of Tes[t]ator and in the presence of each other and in the presence of a Notary Public each has subscribed his/her name to this will as witness to Testator signing this 18 day of Feb , 1999, and to the best of his/her knowledge Testator is of lawful age, of sound mind and under no undue influence.
(1) Janet D. Riley [signed] residing at Franklinton, LA [signed]
(2) Suzonne G. Jenkins [signed] residing at Franklinton, La. [signed]
(3) Wendy Wood [signed] residing at Franklinton, La. [signed]
State of Louisiana
Parish of Washington
Subscribed, sworn and acknowledged before me by the Testator, [Ira Duna-way, Jr/Wilda Carter Dunaway, _, and Janet D. Riley, and Suzonne G. Jenkins, the witnesses this 18th day of Feb., 1999.
Barbara Miele [signed][7]
Notary Public
This clause states that the testator signed the testament in the presence of the witnesses and declared the testament to be his last will and testament to the | ^witnesses. It also states that the witnesses signed the testament in the pres *560 ence of the notary. However, this clause does not state that the testator signed the will in the presence of the notary, nor does it state that the testator specifically declared the testament to be his last will and testament to the notary or to the notary in the presence of two witnesses. Therefore, this clause fails to meet the requirements of La. C.C. art. 1577.
Furthermore, the “[s]ubscribed, sworn, and acknowledged” clause appears to be simply a general notarization of the will, rather than an attestation clause of the notary because the clause does not clearly state that the testator declared that the testament was his/her last will and testament in the presence of the notary or that the necessary signatures were signed in the presence of all persons, including the notary. As such, this clause is not in compliance with La. C.C. art. 1577.
Louisiana Civil Code article 1577 requires that the notary “shall sign” a declaration that: (1) the testator signed or declared in his presence that the instrument is his testament, (2) that the testator has signed the testament at the end and each other separate page, and (3) in the presence of the testator and each other, the notary has signed his name. See La. C.C. art. 1577(2). The attestation clauses in testaments at issue before us do not contain all of these requirements. Accordingly, we must conclude that the testaments are null, and the trial. court’s judgment declaring the testaments of Ira and Wilda Dunaway dated October 19, 1992 and February 18, 1999 and the testament of Wilda Dunaway dated June 14, 1993 null is affirmed.
CONCLUSION
For all of the above and foregoing reasons, the May 3, 2011 judgment of the trial court is affirmed.
All costs of this appeal are assessed to the appellant, Rob Dunaway.
AFFIRMED.

. The clauses at issue in both wills provided: "I give all my estate to my [wife/husband]. In the event my said [wife/husband] shall predecease me or fails to survive me for sixty (60) days, I give all my estate to my children, if any, who survive me in equal shares, per stirpes. If I am survived by neither my [wife /husband], nor children, then I give my estate to: ...”

. During a hearing on October 18, 2010, the trial court ordered the two succession proceedings consolidated. The October 18, 2010 minute entry reflects the trial court’s order, but there is no written order of consolidation in the record.

.Jessica Vampran appealed this declaratory judgment, which is the subject of the companion case also rendered this date. See Succession of Dunaway, 2011-1487 c/w 2011-1488 (La.App. 1st Cir.5/2/12), 2012 WL 1550488 (unpublished).

. In Succession of Seal, this court reviewed the specific language of the attestation clauses of the testament at issue and concluded that they failed to comply with La. C.C. art. 1577. Although this court’s decision in Succession of Seal was based on the particular language of the attestation clauses of the testaments in that case, we recognize that the attestation clauses in that case are very similar, but not identical, to the attestation clauses in this case.

. The signatures of the witnesses in the October 19, 1992 testaments of Ira and Wilda Dunaway and the June 14, 1993 testament of Wilda Dunaway are dated respectively.

. We recognize that different witnesses residing in different cities signed the October 19, 1992 testaments of Ira and Wilda Dunaway and the June 14, 1993 testament of Wilda Dunaway, but for the sake of brevity, the names and city of residences of those witnesses are not separately set forth herein.

. We further recognize that a different notary public executed the October 19, 1992 testaments of Ira and Wilda Dunaway and the June 14, 1993 testament of Wilda Dunaway, but for the sake of brevity, the names of those notaries are not separately set forth herein.