SUCCESSION OF EDWARD A.     *     NO. 2021-CA-0168
HORRELL, SR.

         *

           COURT OF APPEAL

         *

           FOURTH CIRCUIT

         *

           STATE OF LOUISIANA

* * * * * * *

**CONSOLIDATED WITH:**        **CONSOLIDATED WITH:**

SUCCESSION OF EDWARD A.        NO. 2021-CA-0285
HORRELL, SR.

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 1993-11275  C\W 1993-11701, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *
(Court composed of Chief Judge James F. McKay, III, Judge Tiffany Gautier
Chase, Judge Dale N. Atkins)

Walter J. Horrell
P.O. Box 1244
Covington, LA 70434

     COUNSEL FOR APPELLANT

Maria I. O'Byrne Stephenson
STEPHENSON, CHAVARRI & DAWSON, LLC
400 Poydras Street, Suite 1990
New Orleans, LA 70130

Jack M. Alltmont
SESSIONS, FISHMAN & NATHAN, LLC
400 Poydras Street, Suite 2550
New Orleans, LA 70130

     COUNSEL FOR APPELLEES

            **AFFIRMED**
            **November 17, 2021**

*TGC*
*JFM*
*DNA*

Walter Horrell, Sr. (hereinafter "Appellant"), in proper person, appeals the trial court's December 10, 2020 judgment denying his exceptions to a petition for intervention; appointing Lisa Matthews (hereinafter "Ms. Matthews") as full administrator of the succession of Edward A. Horrell, Sr.; and adopting a previous judgment of possession as a new judgment of the trial court. Additionally, Appellant challenges the trial court's February 12, 2021 judgment homologating the final tableau of distribution and discharging the administrator in the succession of Edward A. Horrell, Sr.[1] After consideration of the record before this Court and the applicable law, we affirm both judgments of the trial court.

## Facts and Procedural History

This appeal stems from protracted succession litigation spanning more than 25 years and multiple appeals.[2] The pertinent facts have previously been articulated by this Court:

> Edward A. Horrell, Sr. ("Mr. Horrell"), died in 1993. Since his death, his eldest son, the appellant, has been fighting over his father's estate. Just prior to Mr. Horrell's death, appellant presented his father with a statutory will that appellant and his attorney daughter prepared. Mr.

---

[1] Separate appeals were taken from each judgment. On August 4, 2021, the matters were consolidated by order of this Court.

[2] Judge Robin Giarrusso has been the presiding trial court judge throughout the entire duration of these proceedings.

1

Horrell signed the will, with his attorney granddaughter and appellant's wife acting as witnesses. The will was deemed invalid by this Court because of Mr. Horrell's lack of mental capacity at the time he signed it. *See Succession of Horrell,* 95-1598, 95-1599 (La.App. 4 Cir. 9/11/96), 680 So.2d 725.

Simultaneously with the signing of the will, appellant presented his dying father with an act of donation, which would operate to donate a plot of land in Covington to the appellant. The property was Mr. Horrell's separate property.

Appellant's mother and his four siblings (referred to hereinafter collectively as "the Horrells") learned of the donation prior to Mr. Horrell's death and presented him with a revocation and a power-of attorney in favor of his wife. Appellant subsequently presented his father with a document revoking Mrs. Horrell's power-of-attorney, and an incomplete petition to dismiss any suit Mrs. Horrell may file to revoke the donation.

Two days before Mr. Horrell died, his wife filed a petition in St. Tammany Parish to revoke the donation of the Covington property. She thereafter amended the petition to substitute Mr. Horrell's other four children as petitioners. Appellant answered the suit with an exception of no right of action. The trial court denied the exception. It ultimately granted a summary judgment in favor of plaintiffs (appellant's siblings) based on *res judicata*. Appellant appealed that judgment.

On rehearing, the First Circuit looked to the ruling of this Court finding that Mr. Horrell lacked the mental capacity to execute the will. The court reasoned that Mr. Horrell's mental capacity to execute the contested will was already decided in *Succession of Horrell, supra;* therefore, the issue of his mental capacity to sign the donation was *res judicata. See Horrell v. Horrell,* 99-1093 (La. App. 1 Cir. 8/15/01), (*on rehearing)*, 808 So.2d 363.

After this Court declared the will invalid, appellant sought to be named administrator of his father's estate. The trial court refused and an appeal followed. This Court found that appellant's involvement in having his father execute a will when he lacked the mental capacity to do so, demonstrated bad moral character on the part of appellant, thereby disqualifying him to serve as administrator. *See Succession of Horrell,* 97-2115 (La. App. 4 Cir. 3/25/98), 709 So.2d 1069.

Because of the continued wrangling between the appellant and the Horrells, the trial court appointed a provisional administratrix to handle the affairs of the estate. This appointment was also challenged by appellant, but was upheld.

Since the appointment of the administratrix, the courts of the First Circuit and Fourth Circuit have considered, among other things, whether appellant should be evicted from his residence, whether he should be ordered to allow the administratrix into his residence to inventory and appraise succession property, whether appellant should be held in contempt for abuse of the judicial process and for avoiding service, and whether appellant should be forced to pay attorney's fees and costs from his share of the estate. *Succession of Edward A. Horrell, Sr.*, 11-1574, pp. 1-3 (La.App. 4 Cir. 4/11/12), 102 So.3d 139, 140-41.

On April 12, 2010, a hearing was held on a petition for partial possession filed by the Horrells. On April 12, 2011, the trial court rendered a judgment of possession. Clare Horrell, the decedent's surviving spouse, died while the appeal of the judgment of possession was pending. No substitution of parties was made for Clare Horrell, as required by La. C.C.P. art. 801.

On July 13, 2018 the provisional administratrix, Lisa Matthews, filed a petition to file final tableau of distribution, along with a tableau of distribution. On July 31 and October 23, 2018, Appellant filed two oppositions to the tableau of distribution. The trial court held a hearing on December 6, 2018, and the court signed a judgment dated December 7, 2018 approving and homologating the tableau. When the judgment was rendered, no one had been substituted to represent Clare Horrell.

*Succession of Horrell*, 2019-0269, pp. 1-3 (La.App. 4 Cir. 11/6/19), 285 So.3d 27, 28-30 (internal footnotes omitted)[3].

Appellant timely appealed the trial court's December 7, 2018 judgment. This Court rendered its opinion on November 6, 2019, concluding that the judgment of possession and homologation in favor of Clare Horrell were nullities because, upon her death, a proper party plaintiff was not substituted to allow the action to continue. *Id.*, 2019-0269, p.5, 285 So.3d at 30-31. As such, this Court dismissed the appeal, without prejudice, and remanded "to the trial court so that it may

---

[3] For additional facts and procedural history, *see Succession of Horrell*, 1995-1598 (La.App. 4 Cir. 9/11/96), 680 So.2d 725; *In re Succession of Horrell*, 2007-1533 (La.App. 4 Cir. 10/1/08), 993 So.2d 354; and *In re Succession of Horrell*, 2011-0194 (La.App. 4 Cir. 11/30/11), 79 So.3d 1162.

3

substitute the succession representative or heir/legatee of Clare Horrell as a proper party to this succession." *Id.*

On July 21, 2020, Gaye Coffer (hereinafter "Ms. Coffer"), as executrix of the Succession of Clare Y. Horrell, filed a motion for leave to file petition for intervention. Ms. Coffer had been duly appointed as testamentary executrix of the Succession of Clare Y. Horrell in the 24th Judicial District Court, docket number 807-320, Division "J." On July 22, 2020, the trial court granted Ms. Coffer's petition.

In response to the petition for intervention, Appellant filed exceptions of non-joinder of a party, no cause of action, no right of action and prematurity. The matter came before the trial court on November 9, 2020. Following the hearing, the Horrell family (not including Appellant) filed a motion for re-entry of the April 19, 2011 judgment of possession. That issue was heard by the trial court on December 10, 2020. By judgment dated the same date, the trial court denied all the exceptions filed by Mr. Horrell; appointed Ms. Matthews as full administrator of the succession based on an oral motion submitted during the hearing; and adopted the April 19, 2011 judgment of possession as a new judgment of the trial court.

On December 29, 2020, Ms. Matthews filed a petition to homologate tableau of distribution; homologate final accounting; and discharge administratrix. Thereafter, she filed a motion to homologate the tableau of distribution filed on December 29, 2020. Appellant opposed the petition to homologate the tableau of distribution. After the hearing on February 12, 2021, the trial court ordered that Ms. Matthews be authorized to pay the debts outlined in the petition and that the petition be homologated; approved the tableau of distribution as the final

4

accounting; and discharged Ms. Matthews as administratrix of the succession. This appeal followed[4].

## Discussion

This appeal presents multiple issues which require the application of different standards of review. Thus, for ease of discussion we will address the applicable standard of review prior to our analysis of the issues.

On appeal, Appellant challenges the trial court's December 10, 2020 and February 12, 2021 judgments. His assignments of error can be summarized into the following categories: (1) petition for intervention and exceptions of non-joinder of a party, no right of action and prematurity; (2) exception of no cause of action and adoption of April 19, 2011 judgment; (3) appointment of Ms. Matthews as full administratrix; and (4) homologation and final accounting. We will discuss each topic in turn.

**Petition for Intervention and Exceptions**

Appellant argues the trial court erred in denying his exceptions and allowing Ms. Coffer to file her petition for intervention. In response to the petition for intervention, Appellant filed exceptions of non-joinder of a party, no cause of action, no right of action and prematurity. An analysis of the exception of no cause of action will be discussed in conjunction with review of the adoption of the April 19, 2011 judgment of possession.

---

[4] On September 27, 2021, after this matter was deemed submitted, this Court was notified by counsel for Appellees that two of the heirs, Edward A. Horrell, Jr. and Gaye Horrell Coffer, were recently deceased. In response, this Court issued an order, on October 6, 2021, requesting the parties submit proof of substitution of the succession representatives no later than November 8, 2021. As of the date of this opinion no such documentation has been submitted to this Court.

*Non-Joinder of a Party*

Appellant asserts that Ms. Coffer's failure to initially join Ms. Matthews in the petition for intervention invalidates Ms. Coffer's request to intervene.

On appeal from the grant or denial of a peremptory exception based on the non-joinder of a party needed for just adjudication, the appellate court "review[s] the findings of the trial court in accordance with the 'abuse of discretion' standard of review." *Rayford v. Nat'l R.R. Passenger Corp.*, 2005-1273, p. 7 (La.App. 4 Cir. 4/13/07), 962 So.2d 5, 9. Whether a party is required to be joined in a process is governed by La. C.C.P. art. 641, which provides:

> A person shall be joined as a party in the action when either:
>
> (1) In his absence complete relief cannot be accorded among those already parties.
>
> (2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
>
> (a) As a practical matter, impair or impede his ability to protect that interest.
>
> (b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

Ms. Matthews was appointed provisional administratrix by the trial court on July 3, 1997 and has consistently been a part of the succession litigation not only in this circuit but also, in the Court of Appeal, First Circuit.[5] The petition for intervention only sought to substitute Ms. Coffer as the proper party to this succession proceeding. Whether or not Ms. Matthews was recorded as a party to Ms. Coffer's petition for intervention is not germane to the underlying succession.

---

[5] *See Horrell v. Horrell,* 1999-1093 (La.App. 1 Cir. 10/6/00), 808 So.2d 363.

6

Furthermore, La. C.C.P. art. 685 provides, in pertinent part, that "the succession representative appointed by a court of this state is the proper plaintiff to sue to enforce a right of the deceased or of his succession, while the latter is under administration…" Ms. Coffer's petition for intervention does not seek to enforce any rights in the succession of Edward A. Horrell, Sr., but rather seeks to include the proper party for the decedent Clare Y. Horrell. Therefore, we find the trial court did not abuse its discretion in denying Appellant's exception of non-joinder of a party.

### No Right of Action

Appellant asserts that Ms. Coffer has no right of action against him, through the petition for intervention, because he is not the succession representative and thus, not the proper party defendant. Appellant's argument derives from the fact that Ms. Coffer served him with the petition for intervention. "Exceptions of no right of action and no cause of action present questions of law and are reviewed by this Court under a *de novo* standard of review." *In re Succession of Duskin*, 2014-0236, p. 4 (La.App. 4 Cir. 11/19/14), 153 So.3d 567, 571. Thus, we are tasked with determining whether the trial court's ruling was legally correct. *St. Pierre v. Northrop Grumman Shipbuilding Inc.*, 2012-0545, p. 7 (La.App. 4 Cir. 10/24/12), 102 So.3d 1003, 1009.

A peremptory exception of no right of action "assumes that the petition offers a valid cause of action and considers whether the instant plaintiff is a member of the class that has a legal interest in the underlying case." *Duskin*, 2014-0236, p. 4, 153 So.3d at 571. "The function of an exception of no right of action is to determine whether the **plaintiff** belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *N. Clark, L.L.C. v. Chisesi*, 2016-

7

0599, p. 5 (La.App. 4 Cir. 12/7/16), 206 So.3d 1013, 1016 (quoting *Hood v. Cotter*, 2008-0215, p. 17 (La. 12/2/08), 5 So.3d 819, 829) (emphasis added). The focus of an exception of no right of action is on the plaintiff being the proper party, not the defendant. *See J-W Power Co. v. State ex rel. Dept. of Revenue & Taxation*, 2010-1598, p. 7 (La. 3/15/11), 59 So.3d 1234, 1238-39 (quoting *Reese v. State, Dept. of Pub. Safety & Corr.*, 2003-1615, pp. 3 (La. 2/20/04), 866 So.2d 244, 246) ("The focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit…")

We find no merit to Appellant's assertion that the petition for intervention is invalid against him because he was served with the petition. Appellant is not a named defendant in the petition for intervention. Likewise, the "plaintiff" in the petition for intervention is Ms. Coffer who, as the daughter of Edward A. Horrell, Sr. and Clare Y. Horrell, and as executrix of the succession of Clare Y. Horrell, has a legal interest in these succession proceedings. The purpose of her petition for intervention was to be substituted for Clare Y. Horrell in the current succession, not assert a cause of action against Appellant. As Ms. Coffer has a legal interest in the current matter, we find that she is a member of the class of persons allowed to intervene. Thus, the trial court's ruling was legally correct and it was not error to deny Appellant's exception of no right of action.

*Prematurity*

Appellant presents an assignment of error asserting the trial court erred in denying his exceptions to the petition for intervention. He filed exceptions of non-joinder of a party, no right of action, no cause of action and prematurity. However, Appellant fails to brief the issue regarding his exception of prematurity. Assignments of error, and issues for review must be briefed, and the appellate

8

court may consider as abandoned any assigned error or issue for review that has not been briefed. Uniform Rules, Courts of Appeal, 2-12.4(B)(4); *See Yokum v. Funky 544 Rhythm & Blues Café*, 2016-1142, p. 12, n. 3 (La.App. 4 Cir. 5/23/18), 248 So.3d 723, 735 (observing that "if an appellant identifies an assignment of error or an issue presented for review, but fails to brief that point with citations to the record and support in the law, that issue or assignment is deemed waived.") (quoting *McMaster v. Progressive Sec. Ins. Co.*, 2014-0155, pp. 6-7 (La.App. 4 Cir. 10/29/14) 152 So.3d 979, 983). Thus, we consider this assignment of error abandoned.

### Exception of No Cause of Action and Adoption of April 19, 2011 Judgment of Possession

Appellant argues the petition for intervention fails to state a cause of action against him because the intervention seeks to ratify and adopt the April 19, 2011 judgment of possession. He maintains that since the April 19, 2011 judgment of possession was declared null by this Court, it has no legal effect and cannot be ratified or adopted. As previously noted, an exception of no cause of action is reviewed *de novo*. *In re Succession of Duskin*, 2014-0236, p. 4, 153 So.3d at 571.

"A peremptory exception of no cause of action tests the legal sufficiency of a petition by determining whether the law affords the plaintiff a remedy based upon the facts alleged in the pleading." *Duskin*, 2014-0236, p. 11, 153 So.3d at 575. "A court appropriately sustains the peremptory exception of no cause of action only when, conceding the correctness of the facts, the plaintiff has not stated a claim for which he or she can receive legal remedy under the applicable substantive law." *Deutsche Bank Nat'l Trust Co. v. McNamara*, 2017-0173, p. 4 (La.App. 4 Cir. 10/18/17), 316 So.3d 881, 883 (quoting *Maw Enters., L.L.C. v.*

9

*City of Marksville*, 2014-0090, p. 7 (La. 9/3/14), 149 So.3d 210, 215). Pursuant to this Court's previous opinion, the matter was remanded in order to allow the proper representative to be substituted for decedent Clare Y. Horrell. *Succession of Horrell*, 2019-0269, p. 5, 285 So.3d at 31. The sole purpose of the petition for intervention was to allow Ms. Coffer to be substituted as the legal successor for Clare Y. Horrell in the current proceedings. Therefore, it was procedurally required that Ms. Coffer be substituted as the testamentary executrix.

Appellant is correct in his assertion that a judgment declared an absolute nullity has no legal effect and cannot be reinstated. *See Succession of Crute v. Crute*, 2016-0836, p. 22 (La.App. 1 Cir. 8/30/17), 226 So.3d 1161, 1177 ("A null judgment is never valid and any proceedings conducted under the authority of a null judgment are absolutely void."). However, the trial court did not reinstate the April 19, 2011 judgment, but rather included the terms of that judgment in forming a new judgment of the trial court. Specifically, the December 10, 2020 judgment stated:

> Accordingly, the Court will enter judgment as prayed for by [Ms.] Coffer adopting all of the terms and conditions of the above-referenced April 19, 2011 judgment so that it will be a new judgment of this Court to which the Succession of Clare Y. Horrell and the Testamentary Executrix thereof are parties and specifically stating that the judgment is now binding on all parties to the litigation….

Thus, while the December 10, 2020 judgment incorporates the same terms as the April 19, 2011 judgment it is not a reinstatement of the April 19, 2011 judgment. As such, we find the trial court did not err in denying Appellant's exception of no cause of action and incorporating the terms of the April 19, 2011 judgment into the December 10, 2020 judgment.

## Appointment of Lisa Matthews as Administratrix

Appellant argues the trial court erred in appointing Ms. Matthews as full administratrix of the succession because she abused her role as provisional administratrix. Additionally, he maintains that the previous bond set for Ms. Matthews, as provisional administratrix, is inadequate for her position as full administratrix.

The appointment of a succession administratrix is subject to a manifest error standard of review. *Succession of Brown*, 2020-0518, p. 8 (La.App. 4 Cir. 4/21/21), 318 So.3d 348, 354. In the matter *sub judice*, Ms. Matthews orally motioned the trial court to be appointed full administratrix at the hearing on Appellant's exceptions to the petition for intervention.[6] In order to reverse a finder of facts determination under the manifest error standard of review, this Court "must find from the record that a reasonable factual basis does not exist for the finding of the trial court." *Mule v. St. Bernard Par. Fire Dep't*, 2018-0507, p. 4 (La.App. 4 Cir. 11/21/18), 259 So.3d 452, 454. We must also determine "that the record establishes that the finding is clearly wrong (manifestly erroneous)." *Id.*

Ms. Matthews has been provisional administratrix since July 3, 1997. This Court has previously affirmed the appointment of a third party administrator in this matter.[7] *See Succession of Horrell*, 1997-2115 (La.App. 4 Cir. 3/25/98), 709 So.2d

---

[6] Once an application for appointment as administrator is filed, an interested party may file a petition for notice of application for appointment. La. C.C.P. art. 3091. After the petition for notice is filed, the applicant for appointment as administrator shall notify the interested party of the hearing date. La. C.C.P. art. 3093. The interested party is then afforded an opportunity to oppose the appointment at the application hearing. La. C.C.P. art. 3095. Ms. Matthews did not formally file an application for appointment as full administratrix. Therefore, the requirements of La. C.C.P. arts. 3091-3096 are inapplicable.

[7] The trial court initially appointed Hibernia National Bank as administrator, conditioned upon its acceptance of the appointment. Hibernia National Bank did not accept the appointment, and the trial court subsequently appointed Ms. Matthews as administratrix.

1069. Additionally, this succession has a contentious and protracted history. Although we recognize that provisional administratrix and full administratrix require different responsibilities, "a provisional administrator has all of the authority and rights of an administrator, and is subject to the same duties and obligations..." La. C.C.P. art. 3112. The trial court's appointment of Ms. Matthews as full administrator was procedurally required in order to resolve this matter. Appellant contends that Ms. Matthews has continuously abused her role as provisional administratrix and is thus unqualified to be full administrator. The trial court did not find Appellant's claims credible and Appellant has not provided any evidentiary support for his contention that Ms. Matthews is unqualified to serve as full administratrix. Thus, we find a reasonable factual basis exists for the appointment and the trial court was not manifestly erroneous in appointing Ms. Matthews full administratrix.

Appellant also maintains that the amount of the bond originally set is insufficient for Ms. Matthews' appointment as full administratrix. Ms. Matthews initially posted a bond of $50,000.00 in 1997. The trial court allowed that bond to transfer to her role as full administratrix. The amount of the administrator's bond is governed by La. C.C.P. art. 3151, which provides:

> Except as otherwise provided by law, the person appointed administrator shall furnish security for the faithful performance of his duties in an amount exceeding by one-fourth the total value of all property of the succession as shown by the inventory or descriptive list.
>
> The court may reduce the amount of this security, on proper showing, whenever it is proved that the security required is substantially in excess of that needed for the protection of the heirs and creditors.

Thus, the second paragraph of La. C.C.P. art. 3151 "authorizes the trial judge, in his discretion, to set a lower amount for security than the amount required by

12

paragraph one when it is shown the lower amount is sufficient to protect the interest of the heirs and creditors." *Succession of Montgomery*, 452 So.2d 297, 299 (La.App. 2 Cir. 1984).

The annual accounting, filed July 24, 2020, indicates total financial assets as of June 30, 2020 to be $97,070.71. Thus, the bond required in order to protect the interest of the heirs and creditors is ¼ of $97,070.71, which equals $24,267.68. Based on previous judgments of the trial court, creditors and heirs have already been paid. Additionally, as noted by the trial court, very few assets remain in the estate because a number of the assets have already been distributed. We find the $50,000.00 bond sufficient to protect the interest of the heirs and creditors, based on the current amount of the assets of the estate, and find no error in the trial court's ruling regarding the amount of the bond.

### Homologation and Final Accounting

Appellant argues the trial court erred in homologating the tableau of distribution; approving the tableau of distribution as the final accounting; and discharging Ms. Matthews and canceling her bond.

A trial court's judgment homologating the tableau of distribution must be affirmed if it is reasonably supported by a factual basis. *Succession of Manheim*, 1998-2051, pp. 5-6 (La.App. 4 Cir. 4/21/99), 734 So.2d 119, 123. "When a succession representative desires to pay estate debts, he shall file a petition for authority and shall include in or annex to the petition a tableau of distribution listing those estate debts to be paid…" La. C.C.P. art. 3303(A).

In the case *sub judice*, the following was included in the record:

1. That all debts of the succession have been paid, with the exception of the following, which she requests authority to pay, and there are sufficient funds on hand to pay same:

**CASH ON HAND 7/1/20: $97,070.71**

| | |
|---|---|
| Minus Bond Renewal Fee Paid October 2020 | <702.00> |
| Minus Accounting Fees 2019 - 2020 Fiscal Year | <TBD> |
| Minus Accounting Fees 2020 - 2021 Fiscal Year/Final Returns | <TBD> |
| Plus 20% of proceeds of sale of preferred stock | 2,200,00 |
| Plus 20% of proceeds of sale of common stock | TBD |
| Equals remaining sums available for distribution | TBD |

**PROPOSED DISTRIBUTIONS:**

| | |
|---|---|
| Distribution to non-Walter heirs in partial satisfaction of sums owed to them from Walter Horrell's share of succession assets | $2,000.00 |
| Administratrix fee | 43% of remaining available funds |
| Attorney's Fees and Court Costs | 57% of remaining available funds |

| | |
|---|---|
| **TOTAL CHARGES** | **(TBD)** |
| **TOTAL CASH REMAINING IN HANDS OF ADMINISTRATRIX** | **$0.00** |

"La. C.C.P. art. 3303 contemplates either that there are sufficient funds to pay all of the listed debts of the estate or if there are insufficient funds, the listing of proposed payments according to the rank of the privileges and mortgages of the creditors." *Succession of Moffat*, 577 So.2d 1210, 1213 (La.App. 4 Cir. 1991). The record reflects that all debts of the succession have been paid, minus the administratrix fee, the attorney fees and court cost. Exhibits B and C attached to the tableau of distribution lists the attorney fees and costs as $53,945.20 and the administratix fee as $40,695.51, for a total of $94,640.71. The estate's assets are

14

listed as $97,070.71. Therefore, sufficient funds exist to pay the debts of the estate. We find that a review of the record demonstrates a factual basis for homologating the tableau of distribution, and the trial court's ruling will not be disturbed upon review.

Appellant further asserts the trial court erred in discharging Ms. Matthews, canceling her bond and not continuing to require her to file an annual accounting of the estate. La. C.C.P. art. 3331 provides that the succession representative is required to file an annual account. However, "[t]he judgment discharging the succession representative relieves him of further duty, responsibility, and authority as succession representative." La. C.C.P. art. 3392. The record reflects that Ms. Matthews has paid the debts of the estate, minus the outstanding costs and fees, and has filed the necessary documents with the trial court. Ms. Matthews has been discharged thus, she is no longer required to file an annual accounting pursuant to La. C.C.P. art. 3392. Accordingly, we find no error in the trial court's ruling.

### Decree

For the foregoing reasons, we affirm both the December 10, 2020 and the February 12, 2021 judgments of the trial court.

**AFFIRMED**