377 So.2d 1380 (1979)
SUCCESSION of Elsie Block, widow of Dr. George S. BEL.
No. 10025.
Court of Appeal of Louisiana, Fourth Circuit.
December 11, 1979.
Rehearing Denied January 18, 1980.
*1381 Baldwin & Haspel, Jerome J. Reso, Jr. and Malcom A. Myer, Phelps, Dunbar, Marks, Claverie & Sims, Harvey D. Wagar, III, Legier, McEnerny, Waguespack, Kuhner, Scoggin & Strong, Guy B. Scoggin, Burke & Ballard, Charles B. Mayer, New Orleans, for appellees.
Dart & Dart, Henry P. Dart, III, New Orleans, for appellant.
Before SAMUEL, LEMMON and STOULIG, JJ.
SAMUEL, Judge.
This is an appeal from an unsuccessful attack on the validity of the statutory will and codicils of Elsie Block, widow of Dr. George S. Bel. Decedent's only surviving relatives were her sister, Adele Block, and her niece, Emily Dunn, the daughter of a pre-deceased sister. Both her sister and her niece initiated the attack. Pending appeal, Adele Block died, leaving her entire estate to Emily Dunn, her co-plaintiff. A judgment of possession was rendered recognizing Emily Dunn as Adele Block's universal legatee, and Emily Dunn is the sole remaining plaintiff in this proceeding.
As amended on several occasions, the petition alleged various grounds for attacking the will, and because the case was sufficiently lengthy, the trial court referred it to a Commissioner for trial. The Commissioner tried the case, rendered findings of fact and recommendations, which the trial judge adopted, and there was judgment dismissing plaintiffs' suit. Plaintiffs appealed from that judgment.
Decedent died March 26, 1977. The will in suit is in statutory form and there are two codicils, one in statutory form dated June 11, 1976, and the other in olographic form dated February 15, 1977. The will and codicils were admitted to probate by means of affidavits in accordance with Code of Civil Procedure Article 2887. Within three months of the probate, plaintiffs filed their proceeding to annul the will and codicils.
Plaintiffs used a shotgun approach by raising numerous issues of law and fact regarding both the validity of the will and the propriety of the evidence and the procedure in the trial court.
Perhaps the most serious attack made by appellant on the form of the will is her argument that the will, as opposed to the attestation clause required by R.S. 9:2442, was not dated in accordance with the 1974 amendment to R.S. 9:2442. Here the attestation clause is dated as required by the statute, but that is the only date which appears on the document; the dispositive portion is not dated. She argues that on its face Section A of the statute requires that both the will and the attestation clause be dated. Section A of R.S. 9:2442 provides in its entirety as follows:
"Except as provided in Subsection B, the statutory will shall be in writing (whether typewritten, printed, mimeographed, or written in any other manner), and shall be executed in the presence of a notary and two competent witnesses not otherwise disqualified under Articles 1591 and 1592 of the Civil Code, shall be dated and shall be made in the following manner;
(1) In the presence of the notary and both witnesses the testator shall signify to them that the instrument is his will and shall sign his name at the end of the will and on each other separate sheet of the instrument. If the testator is not able to sign his name because of some physical infirmity, he must so declare or signify to the notary in the presence of the witnesses as well as declare and signify the cause that hinders him from signing, *1382 and shall then affix his mark in the places where his signature is required. Express mention of the testator's declaration or signification and of the cause that hinders him from signing his name must be made in the act.
(2) The foregoing facts shall be evidenced by a declaration signed by the notary and both witnesses in the presence of the testator and of each other in the following form or a form substantially similar thereto: `Signed on each page (or if not signed by the testator, the statement of his declaration or signification that he is not able to sign his name and of the physical cause that hinders him from signing), and declared (or signified) by testator above named, in our presence to be his last will and testament, and in the presence of testator and each other we have hereunto subscribed our names on this ___ day of ___, 19__.'" (Emphasis added).
Revised Statute 9:2442 refers to two sections or parts of the testament which it authorizes. First, it refers to "the will" itself, and second, it refers to an attestation or "declaration" by which the notary and both witnesses verify the testator signed the will on each page and declared it to be his last will and testament in their presence.
In Succession of Gordon,[1] the Supreme Court stated a will drawn pursuant to R.S. 9:2442 is a creature of statute, and a date thereon is not necessary unless it is specifically called for by the statute under which it was created. The will in Succession of Gordon contained no date whatever. The will in the present case contains a date in the attestation clause but no date in the body of the will. The issue thus presented is whether the 1974 amendment to R.S. 9:2442 requires both the will and the attestation clause be dated.
Our analysis of Section A of the quoted statute leads us to the conclusion that while the statute states the "will .... shall be dated ..." a reading of Section A together with its sub-parts shows that the date in the dispositive portion of the will is not necessary as long as the procedure called for in the attestation clause is followed.
Subsection (1) provides the testator shall signify to the notary and both witnesses that the instrument is his will, whereupon the testator must sign his name at the end of the will and on each separate page of the instrument. The meaning of this subsection is that a valid statutory will must be signed above the attestation clause by the testator in the physical presence of notary and two witnesses. Subsection (2) provides that the above facts be evidenced by a "declaration" signed by the notary and the witnesses in the testator's presence and in the presence of each other asserting that the testator indicated to them in their presence the document represented his last will and testament, and the declaration by statute is required to end with the phrase "... and in the presence of testator and each other we have hereunto subscribed our names on this ___ day of ___ 19__."
The foregoing provisions of the statute show that by necessity the dispositive portion of the will must be signed in the presence of the notary and the two witnesses, and that the notary and witnesses must execute a dated attestation clause signifying the fact of the execution of the will in their presence. The statutory form for the attestation clause provides for a date, and we conclude that so long as the attestation clause is dated, it is not sacramental that the dispositive portion of the testament also be dated.[2]
For the above reasons, we conclude that decedent's will is not invalid because the dispositive portion was not dated.
The next most important attack on the will is appellant's attempt to show the *1383 residuary legacy is null because it contains a prohibited substitution and because it was the result of a mistake of fact made by the testatrix. The relevant portion of the will bequeathing the residue of decedent's succession reads as follows:
"I give and bequeath the residue of my estate to the American Heart Association, Inc., in New Orleans, for the purpose of research to be carried on by the Louisiana State University School of Medicine. It is also my desire that the research center bear the name of `The Dr. George S. Bel Memorial Heart Center.'"
Appellant contends the quoted provision of the will contains a prohibited substitution because it leaves the residue of the estate to the American Heart Association, Inc., in New Orleans to hold for the benefit of the Louisiana State University School of Medicine. However, we conclude from a fair reading of the will that the residue of the decedent's estate is left to the American Heart Association, Inc., and that the remainder of the residuary portion contains language which is merely precatory in nature.
The jurisprudence of Louisiana preponderates in favor of upholding the validity of a will if possible.[3] Further, Civil Code Article 1712 provides that in the interpretation of a will the intention of the testator must principally be endeavored to be ascertained without departing from the proper significance of the terms of the testament. In addition Article 1713 provides that a disposition must be understood in the sense in which it can have effect rather than that in which it can have no effect.
In interpreting these articles, the courts endeavor to ascertain the testator's intention, and all other rules of construction are only means to that end.[4] The Supreme Court has indicated that the function of the courts is to carry out the intention of the testator and effect should be given to all language contained in the will if possible. Extrinsic evidence, such as testimony, may be offered to resolve any ambiguity in a will and to aid in discovery of the intention of the testator.[5]
The wording of the disputed provision itself, together with the evidence offered in the trial court, establishes that the decedent was aware that the American Heart Association, Inc. was a national organization, and that her intention was to leave the residuum of her estate to that organization. Appellant argues the phrase "in New Orleans" added after the designation of the legatee confuses the will and makes the identity of the legatee impossible to ascertain because there is a Louisiana nonprofit corporation bearing a similar name[6] which works in connection with the American Heart Association, Inc. We conclude from the obvious difference in the two corporate names and from the record in its entirety that the testatrix desired to leave the residual of her estate to the national organization.
Having concluded the residuary request adequately indentifies the legatee and does not constitute a prohibited substitution, we hold appellant's attack on that portion of the will is without merit.
Next, appellant argues defendants did not prove the will was valid because page two of decedent's three page will contains a slightly larger margin than the other two pages, contains the name of decedent typed in lower case letters rather than in all capital letters as on its other two pages, and page two of the will contains a different number of staple holes than did the other two pages. These facts, appellant asserts, show defendants did not sustain their burden of proving the validity of the will and that the trial judge committed error by maintaining its validity.
*1384 Testimony given by the secretary who typed the will is that the decedent required several drafts of the testament to be made, and on at least one occasion the second page did not require retyping so that she was able to use the original second page and simply add an additional first and third pages to the final draft of the will. Moreover, she explained the different number of staple holes in the different pages of the will by stating the will had been unstapled on several occasions for the purpose of making photostatic copies.
Our review of the evidence satisfies us that the explanation of the alleged discrepancies was more than adequate to meet appellant's challenge, particularly since plaintiffs did not offer proof to the contrary. The witnesses used to probate the will testified the document admitted to probate was in fact the same document executed by decedent as her last will and testament. This testimony is not contradicted by competent, credible evidence.
Nor do we agree with appellant's argument that defendants did not meet the burden of proof required by Article 1490; that a legacy to a "stranger" is only valid if it is proven by those seeking to support the legacy that a similar disposition may be made in favor of a citizen of Louisiana in the state of the stranger. Defendants correctly argue this article applies to aliens and not to non-resident corporations domiciled in another state of this nation. Clearly, Article 1490 requires the necessity for laws of the "country" of the stranger to allow a similar disposition in favor of Louisiana citizens. Consequently, the article applies to the resident of another nation and not to a non-resident corporation domiciled in another state of the union.
Appellant also argues the will was not properly admitted to probate. The will was probated by affidavit in accordance with Louisiana Code of Civil Procedure Article 2887, and appellant contends the will was not properly probated by affidavit because of plaintiffs' attack upon it. However, their attack came after the testament was probated by affidavit, and the will's integrity and validity has been maintained by both the Commissioner and the trial judge. Under these circumstances, there is no necessity to again probate the will, since the unsuccessful attack, made after the probate of the will, has no effect on the procedure set forth by Article 2887.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] 257 La. 1086, 245 So.2d 319.
[2] It would seem, however, that better practice would require both the dispositive portion and the declaration be dated on the same day in order to comply with the literal wording of the statute. In the present case the testator signed both the undated dispositive portion and the dated declaration.
[3] See, for example, Succession of Gordon, supra, note 1; Succession of Morgan, 257 La. 380, 242 So.2d 551; Succession of Zinsel, La.App., 360 So.2d 587.
[4] See, for example, Carter v. Succession of Carter, La., 332 So.2d 439.
[5] See, for example, Succession of Stewart, La., 301 So.2d 872; Giroir v. Dumesnil, 248 La. 1037, 184 So.2d 1.
[6] The name of the local corporation is "American Heart AssociationLouisiana, Inc."