GUIDRY, Justice.
| Nlie issue in this case is whether an incomplete date in an attestation clause invalidates a testament when the full date appears in the first paragraph of the testament and on every page of the testament, including the page of the attestation clause. The district court granted the testator’s daughter’s motion for summary judgment seeking to set aside the will as invalid because the attestation clause was not fully dated and, thus, failed to meet the requirements of La. Civ.Code art. 1577. The court of appeal affirmed that judgment. Because we conclude the attestation clause in the notarial testament substantially complies with the requirements of Art. 1577, we reverse the district court’s judgment and remand the matter for further proceedings.
*847 FACT AND PROCEDURAL HISTORY
The facts in this case are not disputed. James Jason Holbrook, Sr., died testate on July 4, 2010. In his last will and testament, allegedly executed on April 8, 2009, Mr. Holbrook named his wife, Llevonne H. Holbrook, as executrix of his estate. Following Mr. Holbrook’s death, Mrs. Hol-brook filed a petition on July 10, 2010, to have the will probated, to be appointed executrix, and to be put in possession of Mr. Holbrook’s estate. The will was probated, and a judgment of possession was signed by the district court on July 14, 2010. Subsequently, on in November 2010, Mr. Holbrook’s daughter, Dianne Carlucci, filed a petition seeking to set aside the judgment of possession and the will, for violations of |2the requirements for a notarial will and for undue influence. In response to this petition, Mrs. Holbrook filed a general denial and reconventional demand. Mrs. Carlucci answered the re-conventional demand, generally denying the allegations therein. In July 2011, Mrs. Carlucci filed a second petition seeking to set aside her father’s will.
Thereafter, in February 2012, Mrs. Car-lucci filed a motion for summary judgment, asserting the will was invalid due to the fact that the attestation clause was not dated, and, therefore, the will did not meet the statutory requirements of La. Civ. Code art. 1577. Mrs. Carlucci maintained there was no genuine issue as to any material fact and that she was entitled to summary judgment as a matter of law. In her opposition, Mrs. Holbrook acknowledged that the notary who handled her husband’s will had inadvertently failed to put the day in the date section of the attestation clause. Mrs. Holbrook noted, however, that every page of the will was dated April 8, 2009, including the last page of the will that included the attestation clause itself. Mrs. Holbrook submitted the affidavits of the notary and one of the witnesses who both stated that Mr. Holbrook had executed his will before them on April 8, 2009.
Following a hearing, the district court granted Mrs. Carlucci’s motion for summary judgment. Finding that the testament was prepared in accordance with Civil Code articles 1576 et seq. governing as to form, the district court held that the attestation clause must be dated as provided in La. Civ.Code art. 1577 and that this testament was invalid due to the omission of the date in the attestation clause.
Mrs. Holbrook appealed, asserting the district court erred in holding the will was invalid because the attestation clause was not dated. The court of appeal affirmed. Succession of Holbrook, 2012-1655 (La. App. 1 Cir. 4/26/13), 115 So.Sd 1184. We granted Mrs. Holbrook’s writ application to determine the correctness of |athe lower courts’ rulings. Succession of Holbrook, 2013-1181 (La.9/13/13), 120 So.3d 275.
LAW AND ANALYSIS
This testamentary matter comes to us on a grant of a motion for summary judgment filed by testator’s daughter; thus, the primary legal issue is whether the lower courts correctly found that summary judgment in favor of Mrs. Carlucci was warranted. Appellate review of the granting of a motion for summary judgment is de novo, using the identical criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Smitko v. Gulf South Shrimp, Inc., 11-2566, p. 7 (La.7/2/12), 94 So.3d 750, 755; Bonin v. Westport Ins. Corp., 05-0886, p. 4 (La.5/17/06), 930 So.2d 906, 910; Schroeder v. Bd. of Supervisors of La. State TJniv., 591 So.2d 342, 345 (La. 1991). A motion for summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue *848 of material fact, and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966; Duncan v. USAA Ins. Co., 06-0363, p. 4 (La.11/29/06), 950 So.2d 544, 546-547. A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. Hines v. Garrett, 04-0806, p. 1 (La.6/25/04), 876 So.2d 764, 765 (per curiam)(citing Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751). A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Hines, 876 So.2d at 765-66.
Currently, there are two forms of testaments in Louisiana. La. Civ.Code art. 1574. The olographic testament is handwritten, dated, and signed by the testator. |4La. Civ.Code art. 1575. The notarial testament must be executed in accordance with the formalities of La. Civ.Code arts. 1577 — 1580.1. La. Civ.Code art. 1576. This matter concerns a notarial testament, which must be written and notarized. La. Civ.Code art. 1577 provides:
The notarial testament shall be prepared in writing and dated and shall be executed in the following manner. If the testator knows how to sign his name and to read and is physically able to do both, then:
(1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his testament and shall sign his name at the end of the testament and on each other separate page.
(2) In the presence of the testator and each other, the notary and the witnesses shall sign the following declaration, or one substantially similar: “In our presence the testator has declared or signified that this instrument is his testament and has signed it at the end and on each other separate page, and in the presence of the testator and each other we have hereunto subscribed our names this_ day of_
The attestation clause in Mr. Holbrook’s will omitted the “day” in the date:
IN OUR PRESENCE THE TESTATOR has declared or signified that the instrument is his testament and has signed it at the end and on each other separate page, and in the presence of the TESTATOR and each other we have hereunto subscribed our names on this.day of April, 2009, in Covington, Louisiana.
[[Image here]]
The executrix, Mrs. Holbrook, asserts the testament substantially conforms to the statutory formalities and that any ambiguity as to the omitted “day” may be resolved by the date set forth on each page of the will and the affidavits of the notary and the witness. Citing Succession of Songne, 94-1198 (La.App. 3 Cir. 11/2/95), 664 So.2d 556, writ denied, 95-2877 (La.2/2/96), 666 So.2d 1101, Mrs. [ ^Holbrook further asserts that, because the date is set forth on each page of the *849 will, the affidavits submitted in opposition to the motion for summary judgment are sufficient to resolve any ambiguity in the date.[1]
As the court of appeal noted, La. Civ. Code art. 1577 provides that a notarial testament “shall” be executed in a certain manner. The word “shall” is mandatory. La.Rev.Stat. 1:3. When a law is clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. La.Rev.Stat. 1:4. La. Civ. Code art. 1577 states that the notarial testament shall be prepared in writing and be dated.
In Succession of Holloway, the court reiterated that “the month, without the day, is no date.” 531 So.2d 431, 433 (La. 1988) (quoting Heffner v. Heffner, 48 La. Ann. 1089, 20 So. 281 (1896)). In that case, the question was whether “the _ day of February, 1984” was a sufficient date within the meaning of former La.Rev. Stat. 9:2442 (as amended in 1974 by Act No. 246), the predecessor to Art. 1577, enacted in 1997 by Act No. 1421, § 1, eff. July 1, 1999.[2] La.Rev.Stat. |fl9:2442, similar to what Art. 1577 does today, provided that “[t]he statutory will shall be in writing ... shall be dated, and shall be made in the following manner: .... ” La.Rev.Stat. 9:2442 then set forth an attestation clause that included the verbiage “this_day of _, 19_” This court explained that La. Rev.Stat. 9:2442 as amended in 1974 thus required the will to be dated, explaining that the previous version of the statute did not so require. The court then went on to invalidate the will because it contained no complete date anywhere within the testament.
*850 Although Art. 1577, like former La.Rev. Stat. 9:2442, mandates the will be dated, it does not specify the location in the testament where the date must appear. Indeed, Comment (g) to La. Civ.Code art. 1577 specifically addresses the issue of the date and its location:
This Article requires that the testament be dated but intentionally does not specify where the date must appear, nor does it require that the dating be executed in the presence of the notary and witnesses or that the dating be made by the testator. It is common practice to have a typewritten testament that is already dated, and that testament should be upheld if it is valid in all other respects. The first paragraph of the Article states that “the ... testament shall be prepared in writing and shall be dated”, and the subsequent language (with reference to execution) intentionally contains no language that refers to the dating having been executed in the presence of the witnesses or the notary. Nor is there any requirement that the testator be the one to date the testament. The critical | /unction of the date is to establish a time frame so that, among other things, in the event of a conflict between two presumptively valid testaments, the later one prevails.
La. Civ.Code art. 1577, Official Revision Comments (g).
In the instant case, there can be no doubt the testament itself is dated, as it is dated numerous times. A complete date, April 8, 2009, is printed on each page of the testament. The first paragraph of the dispositive portion of the testament also recites the full date: “James Jason Hol-brook, SR, Testator, being of sound mind and knowing how to and being physically able to read and write, makes and declares this Last Will and Testament, on the 8th day of April, 2009.” The penultimate paragraph, in which Mr. Holbrook attests that he has executed the testament in accordance with Article 1577’s formalities, references this date once again:
IN WITNESS WHEREOF, I have signed on each page and declared this to be my Last Will and Testament in the presence of the Notary Public and the witnesses hereafter named and undersigned, at the date and place first above written.
(emphasis added). The testator thereafter signed his full name. The undated attestation clause, which comprises the last paragraph of the will, is thus located between two unambiguous references to the full date on which the testament was executed: the penultimate paragraph referencing the date in the first paragraph and the printed date at the bottom of the page on which the attestation clause was placed. Article 1577 merely requires the testament to be “dated,” and, as clarified by the article’s comments, the date can appear anywhere on the testament and does not have to be written in the presence of the notary and two witnesses. La. Civ.Code art. 1577, Official Revision Comments (g). Accordingly, the testament itself has been properly dated.
[8The question presented, however, is whether the attestation clause signed by the witnesses and the notary is “substantially similar” to the form found in Art. 1577(2) and must itself be dated as provided for in the article. The lower courts, relying on Succession of Holloway, concluded the attestation clause must itself contain a date, and the date without the day is no date.
We disagree with that conclusion under the facts of this case. Succession of Holloway is distinguishable on its facts, as there was no complete date found anywhere in the testament. Furthermore, the court there was called upon to determine wheth *851 er the 1974 amendments to La.Rev.Stat. 9:2442 added a mandatory requirement that the will be dated to be valid, because the prior version did not necessarily mandate the will be dated, and under that prior version, “if the will is undated, the date ‘may be established for the statutory will by ordinary proof when and if proof of it is needed.’ ” See Succession of Holloway, 531 So.2d at 431-32 (discussing and quoting Succession of Gordon, 257 La. 1086, 245 So.2d 319 (1971)(the will in Gordon contained no date whatsoever)). The court in Succession of Holloway merely held that the statutory will, now called a notarial testament, must be dated and that an incomplete date will not suffice.
Nevertheless, courts need not strictly adhere to the formal requirements of the statutory will, to the extent of elevating form over function. As we explained in Succession of Guezuraga, 512 So.2d 366 (La.1987):
But we are not required to give the statutory will a strict interpretation. The Legislature adopted the statutory will from the common law in order to avoid the rigid formal requirements of the Louisiana Civil Code. “The minimal formal requirements of the statutory ■will are only designed to provide a simplified means for a testator to express his testamentary intent and to assure, through his signification and his signing in the presence of a notary and two witnesses, that the instrument was intended to be his last will.” Succession of Porche v. Mouch [Succession of Porche], 288 So.2d 27, 30 (La.1973). In accordance with this legislative intent, courts liberally construe and apply the statute, maintaining the validity of the will if at all possible, as long as it is in substantial compliance with the statute. ... In l9deciding what constitutes substantial compliance, the courts look to the purpose of the formal requirements — to guard against fraud.
Where the departure from form has nothing whatsoever to do with fraud, ordinary common sense dictates that such departure should not produce nullity. It was the intent of the legislature to reduce form to the minimum necessary to prevent fraud. It is submitted that in keeping with this intent, slight departures from form should be viewed in the light of their probable cause. If they indicate an increased likelihood that fraud may have been perpetrated they would be considered substantial and thus a cause to nullify the will. If not, they should be disregarded. Thus testators and estate planners will have the security that the legislature intended to give them.
Succession of Guezuraga, 512 So.2d at 368 (citations omitted).
With regard to the attestation clause itself, this court explained:
All of the formal requisites for the composition of our statutory will must be observed; otherwise the instrument is null and void. There must be an attestation clause, or clause of declaration. However, its form is not sacrosanct: It may follow the form suggested in the statute or use a form substantially similar thereto. The attestation clause is designed to evince that the facts and circumstances of the confection and execution of the instrument conform to the statutory requirements. In construing the attestation clause of this type of will, this court has been most liberal in its determination of whether the clause complies in form and whether it evidences the requisites to supply validity to the instrument. See Succession of Eck, 233 La. 764, 98 So.2d 181 [ (1957) ]; Succession of Nourse, 234 La. 691, 101 *852 So.2d 204 [(1958)]. In Succession of Thibodeaux, 238 La. 791, 116 So.2d 525 [ (1959) ], we reiterated a basic principle of construction of wills, that the validity of a will is to be maintained if possible. In construing an attestation clause we will not require strict, technical, and pedantic compliance in form or in language. Rather, we will examine the clause to see whether there is substantial adherence to form and whether it shows facts and circumstances which evidence compliance with the formal requirements for testamentary validity.
Succession of Morgan, 257 La. 380, 386, 242 So.2d 551, 552-53 (1970). See also Kathryn Venturatos Lorio, La. Civ. L. Treatise, Successions and Donations § 12:2 (2nd ed.) (“The statutes [former La.Rev.Stat. 9:2442] provided a sample attestation clause, but the form was not ‘sacrosanct.’ ”).
Louisiana courts have held that the complete absence of an attestation clause will be fatal to the validity of a notarial will. See In re Succession of Richardson, |in05-0552 (La.App. 1 Cir. 3/24/06), 934 So.2d 749, writ denied, 06-0896 (La.6/2/06), 929 So.2d 1265; Succession of English, 508 So.2d 631, 633 (La.App. 2 Cir.1987). However, courts have also held the attestation clause itself must only be “substantially similar” to the attestation clause in Art. 1577, such that minor deviations in form with regard to the date in the attestation clause do not render the testament invalid in the absence of any indication of fraud. See In re Succession of Hebert, 12-281 (La.App. 3 Cir. 10/3/12), 101 So.3d 131; Succession of Armstrong, 93-2385 (La. App. 4 Cir. 4/28/94), 636 So.2d 1109, writ denied, 94-1370 (La.9/16/94), 642 So.2d 196; cf. Succession of Bel, 377 So.2d 1380 (La.App. 4th Cir.l979)(statutory will that contained a date in the attestation clause but not in the will itself was nevertheless valid).
In Succession of Hebert, the court upheld the validity of a statutory will under La.Rev.Stat. 9:2442, wherein the attestation clause was split between the witnesses and the notary, with only the attestation of the notary dated. The court rejected the argument that there should have been one, single witness/notary attestation clause, that it should have been dated, and that the notary should not have used a separate notarial certification. The court reasoned that split attestations between the testator, the witnesses, and the notary do not invalidate the will. As to the omission of the date, the court reasoned that the date of March 24, 1999, appeared twice, both above and below the witnesses’ attestation clause: in the testator’s attestation of signing and in the notary’s attestation clause. Succession of Hebert, 12-281, p. 11, 101 So.3d at 139. Further, the court noted, the date was incorporated by reference as “the date hereof’ in the witnesses’ attestation clause, which was sandwiched between the two dated clauses. Id., pp. 11-12, 101 So.3d at 139. Accordingly, the court found that, while the attestation clauses did not contain the exact language or be in the exact form traditionally In used, their content clearly showed compliance with the law for a valid will. Id., p. 12,101 So.3d at 140.
In Succession of Armstrong, the attestation clause was not dated, having no “day” similar to the instant case, but the will was nevertheless upheld. The court reasoned that, while the failure to date the attestation clause is a serious defect, the date was placed at the end of the disposition portion of the will and again at the end of the attestation portion below the witnesses’ signatures and immediately above the notary’s signature. 636 So.2d at 1112.
In Succession of Bel, the court upheld the validity of a will that contained a date *853 in the attestation clause but no date in the body of the will; thus, the issue presented was whether the 1974 amendments to La. Rev.Stat. 9:2442 required both the will and the attestation clause be dated. 377 So.2d at 1382. The court relied on the language of La.Rev.Stat. 9:2442, see Note 2, supra, pointing out that the statute required the dispositive portion of the will be signed in the presence of the notary and two witnesses, and that the notary and witnesses must execute a dated attestation clause signifying the fact of the execution of the ■will in their presence. Id. Because the statutory form for the attestation clause provided for a date, the court concluded that “so long as the attestation clause is dated, it is not sacramental that the dis-positive portion was not dated.” Id.
“Under Louisiana law, there is a presumption in favor of the validity of testaments in general and proof of the nonobservance of formalities must be exceptionally compelling to rebut that presumption.” Succession of Armstrong, 636 So.2d at 1111. Although Mr. Holbrook’s will does not contain a complete date, we find the “facts and circumstances ... evidence compliance with the formal requirements for testamentary validity.” Succession of Morgan, 257 La. at 386, 242 So.2d at 553. Here, the incompletely-dated attestation clause falls clearly |12between two unambiguous references to the full date on which the testament was executed: the testator’s attestation clause referencing the date of April 8, 2009, and the printed date of April 8, 2009, on the bottom of the page on which the attestation clause of the witnesses and notary is located. There is no indication of fraud in the record before us, and in all other respects, Mr. Holbrook’s testament and the attestation clause comply with La. Civ. Code art. 1577. Accordingly, we find the attestation clause in the will is substantially similar to the form found in La. Civ. Code art. 1577(2), such that the district court erred in granting summary judgment in favor of Mrs. Carlucci and invalidating the will on that basis.
CONCLUSION
Having conducted a de novo review of the district court’s grant of the motion for summary judgment, we conclude the attestation clause in Mr. Holbrook’s testament substantially complies with Art. 1577, and thus summary judgment was not warranted in favor of Mrs. Carlucci. Accordingly, we reverse the district court’s summary judgment and remand the matter for further proceedings.
DECREE
REVERSED AND REMANDED.

. In Succession of Songne, the will had a date on each page; however, on one page the year was "1991” and on another page it was dated “1992.” The court relying on jurisprudence from this court reasoned that, if the will bears two different dates, it is not stricken with invalidity; rather, extrinsic evidence may be introduced to prove which is the correct date. 94-1198 at 2, 664 So.2d at 558 (citations omitted).

. La.Rev.Stat. 9:2442, entitled "Statutory will; form,” as amended in 1974 read as follows:
The statutory will shall be in writing (whether typewritten, printed, mimeographed, or written in any other manner), and shall be executed in the presence of a notary and two competent witnesses not otherwise disqualified under Articles 1591 and 1592 of the Civil Code, shall be dated, and shall be made in the following manner: (1) In the presence of the notary and both witnesses the testator shall signify to them that the instrument is his will and shall sign his name at the end of the will and on each other separate sheet of the instrument. If the testator is not able to sign his name because of some physical infirmity, he must so declare or signify to the notary in the presence of the witnesses as well as of the cause that hinders him from signing, and shall then affix his mark in the places where his signature is required. Express mention of the testator’s declaration or signification and of the cause that hinders him from signing his name must be made in the act.
(2) The foregoing facts shall be evidence (sic) by a declaration signed by the notary and both witnesses in the presence of the testator and of each other in the following form or a form substantially similar thereto: "Signed on each page (or if not signed by the testator, the statement of his declaration or signification that he is not able to sign his name and of the physical cause that hinders him from signing), and declared (or signified) by testator above named, in our presence to be his last will and testament, and in the presence of testator and each other we have hereunto subscribed our names on the _ day of __ 19_” (emphasis supplied)
Comment (a) to La. Civ.Code art. 1577 provides that “this article reproduces the substance of R.S. 9:2442. It does not change the law.” Accordingly, jurisprudence interpreting and applying former La.Rev.Stat. 9:2442 is relevant to our inquiry today.