CRAIN, J.
| ¡.Richie Glenn Gerding, individually ahd as independent executor for the successions of Jeanette Rena Toney ahd Ronnie Robert Toney, appeals a judgment of the trial court declaring the notarial testament of Ronnie Robert Toney null. We affirm.
FACTUAL AND PROCEDURAL HISTORY
Ronnie Robert Toney died on January 19, 2015. Gerding was named independent executor of his succession and a “Last Will and Testament” executed by Toney on August 2, 2014, was probated.[1] The notarial will directed that all of Toney’s assets and tangible personal property be distributed to Gerding. Toney’s uncle, John Huey Pierce Jenkins, filed a petition to annul tlie probated will due to lack of form. The trial court determined that the form of the will did not substantially comply with the requirements of a notarial will and, on September 18, 2015, signed a judgment *674 annulling Toney’s August 2, 2014 will. Gerding now appeals.
LAW AND ANALYSIS
Louisiana Civil Code article 1577 sets forth the form requirements for a notarial testament as follows:
The notarial testament shall be prepared in writing and dated and shall be executed in the following manner. If the testator knows how to sign his name and to read and is physically able to do both, then:
(1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his testament and shall sign his name at the end of the testament and on each other separate page.
(2) In the presence of the testator and each other, the notary and the witnesses shall sign the following declaration, or one substantially similar: “In our presence the testator has declared or signified that this Isinstrument is his testament and has signed it at the end and on each other separate page, and in the presence of the testator and each other we have hereunto subscribed our names this_day of---”
The requirements of Article 1577 are mandatory, and if they are not observed the will is null and void. See La. Civ. Code art. 1573; La. R.S. 1:3; In re Succession of Holbrook, 13-1181 (La.1/28/14), 144 So.3d 845, 851-52.
Article 1577 requires that a notarial will contain an attestation clause or clause of declaration signed by witnesses and a notary. See In re Succession of Holbrook, 144 So.3d at 851; see also In re Succession of Richardson, 05-0552 (La.App. 1 Cir. 3/24/06), 934 So.2d 749, 751, writ denied, 06-0896 (La.6/2/06), 929 So.2d 1265. The wording of the attestation clause is not sacrosanct and, in construing the attestation clause, the courts do not require strict, technical, and pedantic compliance to particular language. See In re Succession of Holbrook, 144 So.3d at 851. Rather, in determining the validity of a notarial will, courts must examine its attestation clause to determine if it is “substantially similar” to the attestation clause set forth in Article 1577. Id.
Toney’s will includes the following clause signed by three witnesses:
We, the undersigned, hereby certify that the above instrument, which consists of 3 pages, including the page(s) which contain the witness signatures, was signed in our sight and presence by Ronnie R. Toney (the “Testator”), who declared this instrument to be his/her Last Will and Testament and we, at the Testator's request and in the Testator’s sight and presence, and in the sight and presence of each other, do hereby subscribe our names as witnesses on the date shown above.
The will’s “Affidavit” states:
I, Ronnie R. Toney, the Testator, sign my name to this instrument this 2 day of August, 201], and being first duly sworn, do hereby declare to the undersigned authority that I sign and execute this instrument as my Will and that I sign it willingly, in the presence of the undersigned witnesses, that I execute it as my free and voluntary act for the purposes expressed in the Will, and that I am eighteen years of age or older, of sound mind, and under no constraint or undue influence.
Testators Signature: Ronnie R Toney [signed]
Ronnie R. Toney
|4We, Angela Dutel and Robert A. Davis and William Orazio, the witnesses, sign our names to this instrument, being first duly sworn, and do hereby declare to the *675 undersigned authority that the Testator signs and executes this instrument as the Testator’s will and that the Testator signs it willingly, and that the Testator executes' it as the. Testator’s free and voluntary act for the purposes expressed in the will,, and that each of us, in the presence and hearing of the Testator, at the Testator’s request,- and in the presence of each other, hereby signs this will, on the date of the instrument as witness to the Testator’s signing, and that to the best of . our knowledge the Testator is eighteen years of age or older, of sound mind and memory, and under no constraint or undue influence, and the witnesses are of adult age and otherwise competent to be witnesses.
The three witnesses signed again under this provision.
The will then states:
STATE OF LOUISIANA
COUNTY OF (NOT COUNTY) PARISH OF ST. TAMMANY.
Subscribed, sworn to and acknowledged before me by Ronnie R. Toney, the Testator; and sworn to before me by Angela Dutel and Robert A. Davis and William Orazio, witnesses, this 2 day of August, 200k.

Louis G. Dutel [signed]

Notary public, or other officer authorized to take and certify acknowledge-ments and administer oaths.
The clauses signed by the witnesses and testator and the notary’s declaration in Toney’s will are nearly verbatim to .those contained in the will declared null in In re Succession of Seal 10-0351, 2010 WL 3527597 (La.App. 1 Cir. 9/10/10), writ denied, 10-2294 (La.1/28/11), 56 So.3d 964. The first witness signatures attest that the will was signed by the testator, who declared it to be his last will and testament, in the presence of the witnesses, but fail to attest that the testator or the witnesses signed the will in the presence of the notary. The signature of Toney attests that he declares to the “undersigned authority” that he is signing, but does not attest that he is signing in'the presence of the notary. The second witness signatures likewise do not definitively indicate that the will was signed in the presence of-all persons, including the notary. •
| .^Finally, as in In re Succession of Seal, the “Subscribed, sworn to and acknowledged” clause is a general notarization of the will, not an attestation clause of the notary. Article 1577 mandates that the notary “shall sign” a declaration stating that (1) the testator signed or declared in his presence that the instrument is his testament, (2) has signed it at the end and on each other separate page, and (3) in the presence of the testator and each other he has signed his name. See La. Civ. Code art. 1577(2). Where a will is merely notarized, without a declaration signed by the notary, the requirements of Article 1577 are not met. In re Succession of Seal, 2010 WL 3527597 at p. 4; In re Succession of Dunaway, 11-1747 (La.App. 1 Cir. 5/2/12), 92 So.3d 555, 560; contrast In re Succession of Holbrook, 144 So.3d at 852-53 .(finding that a will without a complete date nonetheless evidenced -substantial compliance with Article 1577). Such a substantive defect is fatal to the validity of the will and cannot be cured through the subsequent .testimony of the witnesses and the notary. In re Succession of Seal 2010 WL 3527597 at p. 4; In re Succession of Richardson, 934 So.2d at 751-52.
"The August 2, 2014 will signed by Toney fails to state that the testator declared, in the presence of the notary, that the testament was his last will and testament or that all persons signed in the presence of each other, including the notary. Consequently, the will does not substantially *676 comply with the requirements of Article 1577, and the trial court was correct in declaring it null.
CONCLUSION
The September 18, 2015 judgment of the trial court declaring the August 2, 2014 will signed by Ronnie Robert Toney null is affirmed. All costs of the appeal are assessed against the appellant, Richie Glenn Gerding, individually and as independent executor for the successions of Jeanette Rena Toney wife of/and Ronnie Robert Toney.
AFFIRMED.
HIGGINBOTHAM, J., dissents with reasons.

. Gerding was also named independent executor of the succession of Jeanette Rena Toney, Ronnie Robert Toney's wife, who predeceased him.