SUCCESSION OF JOHN L. CARTER, SR.

NO. 19-CA-545

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 791-261, DIVISION "P"
HONORABLE LEE V. FAULKNER, JR., JUDGE PRESIDING

May 28, 2020

**HANS J. LILJEBERG**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Robert A. Chaisson, and Hans J. Liljeberg

<u>**REVERSED AND REMANDED**</u>

**HJL**
**JGG**
**RAC**

COUNSEL FOR DEFENDANT/APPELLANT,
JOHN L. CARTER, JR.; WAYNE CARTER, SR.; LINTRELL M. CARTER,
REGINALD CARTER, SR., CARLISIA A. WILLIAMS, JOHN A. DOWNS,
LORAINE CARTER AND CYNTHIA C. LEJEUNE
>       Wayne Carter, I.P.P.
>       Leon E. Roy, IV

COUNSEL FOR DEFENDANT/APPELLEE,
DEANDRIA YOUNG CARTER, THE SURVIVING SPOUSE OF THE
DECEDENT, AND SHERRI HUTTON, EXECUTRIX FOR THE SUCCESSION
OF JOHN L. CARTER
>       Timon V. Webre

**LILJEBERG, J.**

In this succession proceeding, the decedent's children and grandchildren challenge the trial court's judgments denying their Petition to Annul Probated Testament and their Motion for New Trial. Finding the testament to be absolutely null for lack of proper form, we reverse the trial court's judgments and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

John Carter, Sr. was born on August 20, 1936, and he died on December 26, 2018. He was survived by six of his seven children, all of whom were born of his first marriage, and also by his second wife, Deandria Young Carter. On January 15, 2019, attorney Sherri Hutton filed a "Petition for Probate of Notarial Testament and Confirmation of Independent Executrix" seeking an order probating a notarial testament purportedly executed by the decedent on October 4, 2018 and appointing Ms. Hutton as the independent executrix of the succession, in accordance with the terms of the testament. In an order dated January 16, 2019, the trial court probated the October 4, 2018 testament and appointed Ms. Hutton as the independent executrix of the succession.

On February 21, 2019, six of the decedent's children and two of his grandchildren (collectively "petitioners")[1] filed a "Petition to Annul Probated Testament," asserting that the testament was defective because it did not comply with the formal requirements for a notarial testament as set forth in La. C.C. art. 1577. Specifically, petitioners asserted that the decedent did not sign his name on each page of the testament, as required by La. C.C. art. 1577; rather, he signed his name at the end of the testament and only initialed the other three pages.

---

[1] One of the decedent's seven children, Catricia Carter, predeceased him. She is survived by two children who are named as petitioners along with the decedent's six surviving children.

Ms. Hutton and Deandria Carter filed an answer and memoranda in opposition to the Petition to Annul, arguing that the testament was in substantial compliance with the requirements for a notarial testament pursuant to La. C.C. art. 1577 and that minor deviations from the formal requirements are insufficient to invalidate a notarial testament.

On April 22, 2019, this matter came for hearing before the trial court. After considering the arguments of counsel, the trial court denied the Petition to Annul Probated Testament in open court. On May 9, 2019, the trial court signed a written judgment denying the Petition to Annul Probated Testament and dismissing it with prejudice at petitioners' cost. Petitioners filed a Motion for New Trial on May 15, 2019, which was denied after a hearing on July 29, 2019. Petitioners now appeal.

## LAW AND DISCUSSION

On appeal, petitioners assert that the trial court erred by concluding that the notarial testament at issue is valid and denying their Petition to Annul Probated Testament. They contend that the testament is absolutely null because some pages were merely initialed, which does not comply with the requirement in La. C.C. art. 1577 that a notarial will shall be signed with the testator's *name* at the end of the will *and on each separate page*. Petitioners assert that the Louisiana Supreme Court recently addressed this issue in *Successions of Toney*, 16-1534 (La. 5/3/17), 226 So.3d 397, where it found that a notarial testament was invalid since it was initialed on the first two pages, not signed with the testator's name. They argue that pursuant to *Toney*, this Court must reverse the trial court and find the notarial testament invalid for lack of proper testamentary form.

Ms. Carter responds that the notarial testament substantially complies with the requirements of La. C.C. art. 1577, which is all that is required for it to be valid. She contends that signatures come in all shapes and sizes and that the decedent's cursive initials on the first three pages of his testament are sufficient to

constitute his signature. In support of her position, Ms. Carter cites *In re Succession of Hebert*, 12-281 (La. App. 3 Cir. 10/3/12), 101 So.3d 131, in which the Third Circuit found a testament to be valid where the decedent did not sign her name on the first page, but she signed her initials in large, cursive letters next to each dispositive provision on the first page of the testament and signed her name on the second and final page. Ms. Carter further argues that the petitioners mistakenly rely on *Successions of Toney*, *supra*, for the proposition that signing initials instead of a full name on each page invalidates a testament. She asserts that in *Toney*, even though the pages of the testament were initialed rather than signed with the testator's name, the reason the Court found the testament invalid was because it had a deficient attestation clause. She also notes that the initials in *Toney* were printed, not in cursive as in this case.

In the present case, we must determine whether the decedent's signing of his initials, rather than his full name, on the first three pages of the testament is sufficient to substantially comply with the formal requirements for a notarial testament, as set forth in La. C.C. art. 1577.

The purpose of prescribing formalities for the execution of wills is to guard against mistake, imposition, undue influence, fraud or deception, to afford a means of determining the will's authenticity, and to prevent substitution of some other writing in its place. *In re Hendricks*, 08-1914 (La. App. 1 Cir. 9/23/09), 28 So.3d 1057, 1060, *writ not considered*, 10-480 (La. 3/26/10), 29 So.3d 1256, citing *Succession of Roussel*, 373 So.2d 155 (La. 1979). La. C.C. art. 1573 provides that "[t]he formalities prescribed for the execution of a testament must be observed or the testament is absolutely null." The language of La. C.C. art. 1573 does not provide for any exceptions. *Succession of Harlan*, 17-1132 (La. 5/1/18), 250 So.3d 220, 226. The fact that there is no fraud, or even suggestion of it, will not justify

the courts in departing from the formal requirements for a notarial testament. *Hendrick*s, 28 So.3d at 1060; *Roussel, supra.*

La. C.C. art. 1576 provides that "[a] notarial testament is one that is executed in accordance with the formalities of Articles 1577 through 1580.1." The formalities set forth in La. C.C. art. 1577 include, in pertinent part:

> 1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his testament and *shall sign his name* at the end of the testament and *on each other separate page.* (Emphasis added.)

La. C.C. art. 1577 provides that a testator "shall sign his name" on each page of a notarial testament, and the word "shall" is mandatory. La. R.S. 1:3; *In re Succession of Holbrook*, 13-1181 (La. 1/28/14), 144 So.3d 845, 849. When a law is clear and free from ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. La. R.S. 1:4; *Holbrook*, 144 So.3d at 849. It is presumed that every word, sentence, or provision in a law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were employed. *Toney*, 226 So.3d at 406; *Sultana Corp. v. Jewelers Mut. Ins. Co.*, 03-360 (La. 12/3/03), 860 So.2d 1112, 1119.

The testament at issue herein does not strictly comply with the formal requirements for a notarial testament, as per La. C.C. art. 1577, because the decedent signed his initials, not his name, on the first three pages of the testament. However, the jurisprudence provides that courts need not strictly adhere to the formal requirements for a notarial testament to the extent of elevating form over function. *Holbrook*, 13-1181 (La. 1/28/14), 144 So.3d at 851; *Harlan*, 250 So.3d at 226. It provides that there is a presumption in favor of the validity of testaments in general and proof of the nonobservance of formalities must be exceptionally compelling to rebut the presumption. *Id.*; *Toney*, 226 So.3d at 401. Courts should

maintain the validity of a notarial testament, as long as it is in substantial compliance with the codal requirements. *Holbrook*, 144 So.3d at 851, citing *Succession of Guezuraga*, 512 So.2d 366 (La. 1987).

In order to determine whether the testament in the present case substantially complies with the requirements of La. C.C. art. 1577 and thus, is a valid notarial testament, we must consider the Louisiana Supreme Court's decision in *Successions of Toney*, *supra*. In *Toney*, the Louisiana Supreme Court considered a challenge to a notarial testament that did not comply with the requirements of La. C.C. art. 1577 in two respects: 1) the first two pages of the testament were initialed in print, with a signature only at the end of the testament; and 2) there was a defective attestation clause. The Court analyzed each of the two defects and concluded that the testament, viewed in its entirety, did not substantially comply with the formal requirements of La. C.C. art. 1577. *Toney*, 226 So.3d at 404. The Court found that these deviations from the formal requirements of a notarial testament were significant and material and, thus, the testament was absolutely null. *Toney*, 226 So.3d at 407.

Addressing the requirement that the testator shall sign his name at the end of the testament and on each separate page, the *Toney* Court noted that the first two pages of the testament were not signed but were initialed in print, contrary to the provisions of La. C.C. art. 1577. The Court stated that although signatures come in a variety of forms and although a few appellate courts have upheld wills where some pages were initialed rather than signed, La. C.C. art. 1577 "unambiguously requires the testator to 'sign **his name** at the end of the testament and **on each other separate page**,' and merely initialing undoubtedly falls short of this requirement." *Toney*, 226 So.3d at 404 (Emphasis in original.) The Court further noted that even though fraud was not alleged, "signing one's name on each page of the will undoubtedly offers more heightened protection from surreptitious

replacement of pages than mere initialing, particularly when the initialing is in print rather than cursive as is found here." *Id.* at 404-405.

The *Toney* Court further emphasized that fraud need not be alleged in order to find a testament null for failing to comply with the requirements set forth in the Louisiana Civil Code. It noted that Louisiana courts have held notarial testaments invalid when they contain "material deviations" from the form requirements, even in the absence of any indication of fraud, and stated that "[a]ny language in previous jurisprudence which suggested otherwise is rejected." *Toney*, 226 So.3d at 407. The Court further stated that the legislature has provided a significant benefit for testaments that comply with the requirements of La. C.C. art. 1577, and that whether it is prudent to reduce the testamentary form requirements "is a question of policy reserved to the purview of the legislature." *Id.*

In the present case, Ms. Carter contends that the *Toney* case is distinguishable from the instant case, because the initials in this case are in cursive, not printed as in *Toney*. She also argues that initials, in lieu of a signature on each page, would not have rendered the will invalid in *Toney* without the defective attestation clause.

First, while the *Toney* Court did note that printed initials are easier to imitate than cursive initials, it did not hold that cursive initials are sufficient to substantially comply with the requirements of La. C.C. art. 1577. It specifically noted that "merely initialing falls short" of the requirement that the testator sign his name on each page. Second, while there were two deviations from the required testamentary form in *Toney*, not one deviation as in this case, the *Toney* court discussed each deviation separately and found that the "deviations" were significant and material. There is no indication that the result would have been different if only one deviation was present or if the initials were in cursive.

In the present case, the decedent did not sign his name on each page of the testament, which is required under the clear and unambiguous language of La. C.C. art. 1577. Further, after considering the applicable jurisprudence, particularly the Louisiana Supreme Court's decision in *Successions of Toney*, *supra*, we find that this deviation is material and significant and that the testament in this case does not substantially comply with the requirements for a notarial testament. Because the notarial testament in this case does not substantially comply with the formal requirements of La. C.C. art. 1577, we find that the testament is absolutely null pursuant to La. C.C. art. 1573.

## DECREE

For the foregoing reasons, we reverse the trial court's judgments denying and dismissing petitioners' Petition to Annul Probated Testament and denying their Motion for New Trial. We find that the testament at issue is absolutely null, and we remand for further proceedings.

**REVERSED AND REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MAY 28, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

# 19-CA-545

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. LEE V. FAULKNER, JR. (DISTRICT JUDGE)
LEON E. ROY, IV (APPELLANT)          TIMON V. WEBRE (APPELLEE)

### MAILED
MICHAEL D. ROCHE (ATTORNEY)
ATTORNEY AT LAW
4601 CHATEAU DRIVE
METAIRIE, LA 70002

RONNETTE JOHNSON (APPELLEE)
IN PROPER PERSON
POST OFFICE BOX 10063
BIRMINGHAM, AL 32502

SHERRI L. HUTTON (ATTORNEY)
ATTORNEY AT LAW
700 CAMP STREET
SUITE 112
NEW ORLEANS, LA 70130

WAYNE CARTER (APPELLANT)
IN PROPER PERSON
5076 WOODCREST DRIVE
MARRERO, LA 70072