SUCCESSION OF HUGH EDWARD TEAL

NO. 21-C-226

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

<u>June 04, 2021</u>

<u>Nancy F. Vega</u>
Chief Deputy Clerk

**IN RE** BRUCE L. FEINGERTS, IN HIS CAPACITY AS THE NAMED INDEPENDENT TESTAMENTARY EXECUTOR IN HUGH EDWARD TEAL'S LAST WILL AND TESTAMENT DATED JULY 29, 2020 AND THE SUCCESSION OF HUGH EDWARD TEAL

**APPLYING FOR** SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH OF ST JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE VERCELL FIFFIE, DIVISION "A", NUMBER 79,68

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and John J. Molaison, Jr.

**WRIT GRANTED**

In this writ application, relator, Bruce L. Feingerts, in his capacity as the named independent executor in the last will and testament of Hugh Edward Teal dated July 29, 2020, seeks supervisory review of the trial court's April 26, 2021 judgment denying relator's Petition to File and Execute Notarial Testament and for Appointment of Independent Executor filed on February 25, 2021. For the following reasons, we grant the writ application, vacate the April 26, 2021 judgment, order the probate of the notarial will pursuant to La. C.C.P. art. 2891, and remand the matter to the trial court for further proceedings consistent with this writ disposition.

*Factual Background*

Decedent, Hugh Edward Teal, died testate February 24, 2021, leaving a notarial will. Decedent was survived by his spouse, Sandra Zeagler Teal, with whom he was living and residing at the time of his death. Decedent had no children (natural, adopted, or filiated).

Prior to decedent's death, he executed a notarial will that was attested to before a notary and two witnesses (also attorneys). Decedent's will provided for an independent administration, and named and appointed Mr. Feingerts, relator, as independent executor of his estate, with full seizin and without bond, to carry out its dispositions. Following decedent's death, on February 25, 2021, pursuant to La. C.C.P. art. 2853, the attorneys for Sandra Teal, filed a Petition to Probate decedent's notarial will and to confirm the appointment of Mr. Feingerts, relator, who accepted the appointment as independent executor of decedent's estate.

21-C-226

Collateral family members of decedent, Margaret Teal and Diane Teal Robinson[1] ("Collateral Teals")—neither of whom are legatees in the will or are parties to the succession proceeding—through their counsel in separate litigation, contested the probate of decedent's notarial will.[2] As their authority for doing so, the Collateral Teals rely on La. C.C.P. arts. 3091 and 3094, which articles control a request for notice and appointment of an administrator in an *intestate* succession. Consequently, without holding a hearing or taking evidence concerning the validity of decedent's notarial will and/or the qualifications of relator to serve as decedent's testamentary independent executor, the trial judge, in a judgment dated April 26, 2021, denied relator's Petition to probate decedent's notarial will, stating:

> Given that the *Petition to Probate Notarial Testament and Appoint Named Independent Testamentary Executor* failed to comply with Louisiana Code of Civil Procedure Article 3091, 3094, and other statutory requirements; this Court finds plaintiff's failure to request the Saint John the Baptist Parish Clerk of Court to search the record regarding the request for notice dispositive. Additionally, opposition to the Notarial Testament and Executor appointments have been filed.[3]

To date, decedent's succession remains unopened (because his notarial will still has not been filed and ordered executed), and relator, who was specifically named by decedent in his will as the independent executor of his estate, remains unconfirmed.

### Discussion

In his writ application, relator argues the trial court erred in ruling that the Petition failed to comply with La. C.C.P. arts. 3091 and 3094, and "other statutory requirements," because those articles are inapplicable to a petition seeking to probate a notarial will and to appoint an independent testamentary executor specifically named as such in the will. Additionally, relator contends the trial court erred in failing to perform its ministerial duty of probating the notarial testament, in violation of La. C.C.P. art. 2891. We agree.

The factual findings of the trial court, in will contest cases, are afforded great weight and will not be set aside on appeal absent manifest error. *In re Succession of Spitzfaden*, 09-212 (La. App. 5 Cir. 12/8/09), 30 So.3d 88, 91. Moreover, "[I]t is well settled that a court of appeal may not set aside a trial court's or a jury's findings of fact in the absence of 'manifest error' or unless it is 'clearly wrong.'" *Rosell v. ESCO*, 549 So.2d 840, 844 (La. 1989). However, "[w]here one or more trial court legal errors interdict the fact-finding process, the manifest error

---

[1] Margaret Teal is the widow of decedent's deceased brother, and Diane Teal Robinson is their daughter and, thus, decedent's niece.

[2] In a separate proceeding, also pending in Division "A" of the 40th Judicial District Court for the Parish of St. John the Baptist, Docket No. 74716, before Judge Vercell Fiffie, the Collateral Teals, Margaret and Diane, instituted litigation against decedent's spouse, Sandra. This litigation is still pending, but stayed.

[3] At Judge Fiffie's suggestion, though decedent's succession remains unopened, the collateral Teals filed a "Memo/Submission of Marge Teal and Diane Teal Robinson Proposing Potential Executors/Administrators for Consideration for Court Appointment."

standard is no longer applicable, and, if the record is complete, the appellate court should make its own independent *de novo* review of the record and determine a preponderance of the evidence." *Ferrell v. Fireman's Fund Ins. Co.*, 94-1252 (La. 2/20/95), 650 So.2d 742, 747. The Louisiana Supreme Court explained that "legal errors occur when a trial court applies incorrect principles of law and such errors are prejudicial" and thereby "materially affect the outcome and deprive a party of substantial rights." *Evans v. Lungrin*, 97-541 (La. 2/6/98), 708 So.2d 731, 735 (citations omitted).

La. C.C. art. 1576 provides that "[a] notarial testament is one that is executed in accordance with the formalities of Articles 1577 through 1580.1. Here, the record shows that Mr. Feingerts presented the trial court with decedent's 2020 notarial testament in accordance with the formalities set forth by La. C.C. arts. 1577-1580.1. Specifically, La. C.C. art. 1577 provides:

> The notarial testament shall be prepared in writing and dated and shall be executed in the following manner. If the testator knows how to sign his name and to read and is physically able to do both, then:
>
> (1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his testament and shall sign his name at the end of the testament and on each other separate page.
>
> (2) In the presence of the testator and each other, the notary and the witnesses shall sign the following declaration, or one substantially similar: "In our presence the testator has declared or signified that this instrument is his testament and has signed it at the end and on each other separate page, and in the presence of the testator and each other we have hereunto subscribed our names this ___ day of ___, __."

*See In re Succession of Holbrook*, 13-1181 (La. 1/28/14), 144 So.3d 845, 848.

All of the formal requisites for the composition of a statutory will must be observed, under penalty of nullity. *In re Succession of Smith*, 01-930 (La. App. 5 Cir. 1/15/02), 806 So.2d 909, 911, *writ denied*, 02-633 (La. 5/3/02), 815 So.2d 105. A review of decedent's testament evidences that it met the requirements as set forth by La. C.C. art. 1577. It was executed in the presence of a notary and two competent witnesses; decedent's signature appeared on each page of his testament, as well as, at the end of his testament; and the attestation clause at the conclusion of the testament was typed and executed exactly as contemplated by La. C.C. art. 1577(2).

No *party* to the succession has challenged the validity of decedent's testament and no proper objections have been filed regarding the appointment of relator to the position of testamentary independent executor.[4] The trial court's reliance on La. C.C.P. arts. 3091 and 3094 as authority for denying relator's

---

[4] The Collateral Teals are not heirs, legatees, or creditors of decedent's estate.

petition was misplaced and in error. These articles apply solely to an *intestate* succession and the application for appointment of an administrator. Here, the decedent died *testate* with relator named as the testamentary executor. There is no need for the appointment of an administrator and, thus, La. C.C.P. arts. 3091 and 3094 do not apply.

Further, in line with the jurisprudential presumption in favor of the validity of testaments, La. C.C.P. art. 2891 provides that "[a] notarial testament, a nuncupative testament by public act, and a statutory testament *do not need to be proved*. Upon production of the testament, the court ***shall*** order it filed and executed and this order shall have the effect of probate" (emphasis supplied). Accordingly, once presented with the notarial testament, hearing no contest from the *parties* to the succession, the trial court was under a *mandatory* obligation to probate it in accordance with the mandates set forth in the testament.

We note, however, that the mere order of the judge for the probate of a will does not have the effect of a binding judgment so as to preclude any interested parties from subsequently contesting the validity of the will or from petitioning the court for removal of the succession representative. *See* La. C.C.P. arts. 2931,[5] 2972, and 3097; *see also Succession of Anderson*, 52,441 (La. App. 2 Cir. 1/16/19), 264 So.3d 684, 687-88. The notarial testament must first be ordered filed and executed, which has the effect of probate,[6] and only then may a challenge be asserted in the succession proceeding.

For these reasons, we grant relator's writ application, vacate the April 26, 2021 judgment, order the probate of the notarial will pursuant to La. C.C.P. art. 2891, and remand the matter to the trial court for further proceedings consistent with this writ disposition.

Gretna, Louisiana, this 4th day of June, 2021

**SMC**
**SJW**
**JJM**

---

[5] By its express terms, La. C.C.P art. 2931 contemplates that a testament be probated before challenged: "A *probated* testament many be annulled by a *direct action brought in the succession proceeding* against the legatees, the residuary heir, if any, and the executor, if he has not been discharged. …"

[6] "A testament has no effect unless it is probated in accordance with the procedures and requisites of the Louisiana Code of Civil Procedure." La. C.C.P. art. 1605.

4

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **06/04/2021** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-C-226**

### E-NOTIFIED

40th District Court (Clerk)
Honorable Vercell Fiffie (DISTRICT JUDGE)
Tyler J. Arbour (Relator)

Ashley L. Belleau (Relator)
James Domengeaux (Respondent)
Kevin P. Klibert (Relator)

### MAILED

Ryan M. Tucker (Relator)
Attorney at Law
601 Poydras Street
Suite 2775
New Orleans, LA 70130

Robert Felder (Respondent)
Kevin Dills (Respondent)
Arthur D. Mouton (Respondent)
Attorneys at Law
810 South Buchanan Street
Lafayette, LA 70501